UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPRIMISRX, LLC,<br><br>         Plaintiff,<br><br>v.<br><br>OSRX, INC.; OCULAR SCIENCE, INC.,<br><br>         Defendants. | Case No.: 21-cv-1305-BAS-DDL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL FURTHER RESPONSES TO INTERROGATORIES** |
| OSRX, INC., and OCULAR SCIENCE, INC.,<br><br>         Counterclaimants,<br><br>v.<br><br>IMPRIMISRX, LLC,<br><br>         Counterdefendant. | |

   Before the Court is Defendants' OSRX, Inc. and Ocular Science, Inc.'s ("Defendants") Motion to Compel Plaintiff ImprimisRx, LLC's ("Plaintiff") Further Responses to Defendants' First Set of Interrogatories (the "Motion"). Having considered the moving papers, the arguments of counsel at the discovery conference, and the discovery at issue, the Court GRANTS IN PART and DENIES IN PART the Motion.

/ / /

1

# I.
# BACKGROUND

On August 25, 2022, the Court held a discovery conference with the parties to address a dispute concerning the completeness of Plaintiff's responses to Interrogatory No. 1, which generally seeks the identification of statements by Defendants that Plaintiff asserts are false. Following the discovery conference, the Court ordered the parties to further meet and confer and to bring a motion to compel if the parties failed to resolve the dispute. Dkt. No. 60. On August 30, 2022, Defendants brought the present Motion. Dkt. No. 61. Plaintiff opposes the Motion. Dkt. No. 63.

# II.
# LEGAL STANDARD

The purpose of discovery is to "make a trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (citation omitted), and "to narrow and clarify the basic issues between the parties." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). The Federal Rules of Civil Procedure permit a broad scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id*. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

A motion to compel discovery is appropriate when a party fails to answer an interrogatory, where the act of failing to answer includes providing evasive or incomplete responses. Fed. R. Civ. P. 37(a)(3)(B)(iii) and (a)(4). The party seeking to compel discovery bears the burden of establishing that the requested discovery is relevant to a claim or defense, while the party opposing discovery has the burden to show that the discovery should be prohibited, as well as the burden of clarifying, explaining, and

supporting its objections. *See FlowRider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 15-cv-1879-BEN-BLM, 2016 WL 6522807, at *2 (S.D. Cal. Nov. 3, 2016).

## III.

## **DISCUSSION**

A.      **Timeliness of Defendants' Motion**

As a threshold matter, the Court ordered briefing on the issue of the timeliness of Defendants' Motion under the Chambers Rules of Magistrate Judge Barbara L. Major ("Major Rules").[1] Section V(E) of the Major Rules provides, in relevant part:

> All discovery motions must be filed within 30 days of the event giving rise to the dispute . . . . For written discovery, the event giving rise to the dispute is the *service of the initial response* or production of documents, or the passage of the due date without a response or document production.

(emphasis added.)  Thus, the parties were required to bring any discovery motion within 30 days of the date upon which Plaintiff served its initial responses to the Interrogatories.

Defendants contend the 30-day period began when Plaintiff served its amended responses on July 21, 2022, not its initial responses. *See* Dkt. No. 61-1 at 3. Additionally, Defendants argue that even if their interpretation of the Major Rules is incorrect, thereby rendering the Motion untimely, good cause exists to consider the Motion because the requested discovery is central to Plaintiff's claims. *Id.* at 3-4. Defendants further assert that good cause exists because any delay in bringing the Motion was due to their reliance on Plaintiff's representations that it would prepare amended responses to resolve the underlying dispute without the need for Court intervention. *See id.* at 3, n. 3; *see also* Dkt. No. 61-2 at 3-4.

---

[1] Although the case is presently before the undersigned pursuant to an August 18, 2022 transfer order (Dkt. No. 58), the Major Rules govern because the events giving rise to the dispute occurred prior to the execution of the transfer.

The Major Rules are clear – the event giving rise to the dispute which triggers the 30-day timeline is the date of "service of the initial response." *See* Major Rules–Civil Cases § V(E). Plaintiff served its initial responses to the Interrogatories on April 25, 2022, and the 30-day period to raise any discovery disputes ran on May 25, 2022. Accordingly, Defendants' Motion is untimely.

The Court agrees with Defendants that, as a general matter, parties should attempt to resolve discovery disputes on their own before involving the Court. *See* Dkt. No. 61-1 at 3, n. 4. Indeed, the Major Rules require the parties to meet and confer before raising discovery disputes, as do this Court's Chambers Rules. But the parties may not continually extend the 30-day deadline to raise discovery disputes on their own accord. Rather, where the parties' meet and confer efforts are ongoing, the appropriate remedy is to seek leave to continue the 30-day deadline to raise discovery disputes with the Court. The parties in this case did just that in April 2022 by jointly moving to continue the deadline for Plaintiff to move to compel with respect to its first set of Requests for Production. *See* Dkt. No. 25. The parties should have done the same with respect to Defendants' Interrogatories.

Although Defendants' motion is untimely, the Court will exercise its discretion to consider the Motion on the merits, but the Court will require compliance with its Chambers Rules with respect to any future discovery disputes.

**B.     Plaintiff's Response to Defendants' Interrogatory No. 1**

Defendants' Interrogatory No. 1 seeks the following information:

> **INTERROGATORY NO. 1:**
> Identify each statement and representation of the Defendants — whether such statement or representation was purportedly made or asserted in the course of the advertising and marketing of the Defendants' products, or otherwise — that the Plaintiff has relied upon, or intends to rely upon, to support one or more claims asserted in the Complaint.

*See* Dkt. No. 61-2 at 17. In its initial response to Interrogatory No. 1, Plaintiff stated its objections and proceeded to provide 32 individual "statements and types of statements" consisting of direct quotes, descriptive summaries, and video hyperlinks concerning the

alleged false statements that Plaintiff alleges Defendants made. *See id.* at 25-28. In its amended response to Interrogatory No. 1, Plaintiff inserted a single sentence indicating that each statement was sourced from "OSRX's publicly available website, or included in OSRX's marketing materials, such as product catalogs, where they were originally located." *See id.* at 63.

### 1. **Defendants' Position**

Defendants seek to compel Plaintiff to "specify now all its actionable statements" that it intends to raise at trial, asserting that Plaintiff's references to certain "types of statements" is too vague. Dkt. No. 61-1 at 5. Defendants further argue that Plaintiff's "allegedly actionable statements nos. 3-20, 24-27, and 32…fail[] to identify any specific source or location for the alleged statements," instead only providing the broad reference to Defendants' website and marketing materials. *Id.* Defendants also assert that Plaintiff's "alleged statements nos. 2 and 10-13…fail[] to identify any specific statement at all," and only provide general descriptions of the alleged misrepresentations without a foundational basis. *Id.* Finally, Defendants take issue with statement numbers 29, 30, and 31, which identify certain documents and videos, but "fail[] to identify with specificity the statements in those documents or videos which it contends supports its claims." *Id.*

### 2. **Plaintiff's Position**

Plaintiff asserts that its response to Interrogatory No. 1 is complete. As to statement numbers 3-20, 24-27, and 32, almost all of which contain direct quotes, Plaintiff argues that directly quoting from Defendants' website or product catalog "must be sufficient to identify the quoted statements." Dkt. No. 63 at 5. With respect to statement numbers 2 and 10-13, Plaintiff explains its position that these are "categories of statements" that are "false and misleading," and which Plaintiff has "fairly identified." *Id.* Plaintiff further points to its response to Interrogatory No. 2, in which it alleges that certain examples of Defendants' claims of efficacy and safety, including the claims asserted in statement numbers 2 and 10-13, are not supported by clinical studies or Food and Drug Administration approval, and are therefore "false and misleading." *See id.*; *see also* Dkt.

No. 61-2 at 29-30.  In addressing Defendants' arguments regarding statement numbers 29 and 30, Plaintiff contends the linked survey studies are "false and misleading in their entirety," rather than claiming that individual statements within the surveys are misleading. Dkt. No. 63 at 6.  Additionally, Plaintiff asserts that its description in statement number 31 takes a direct quote from a linked YouTube video, leaving "no more specific way to identify it." *Id.*  In general, Plaintiff argues that it would "border on absurd" to require that it identify every instance where Defendants have published the statements provided in its response to Interrogatory No. 1.  *Id.* at 5.

### 3. Analysis

The information requested in Interrogatory No. 1 regarding the facts supporting Plaintiff's causes of action is relevant under Rule 26(b)(1).  Defendants are entitled to know the specific statements and representations upon which Plaintiff will rely to prove its false advertising and unfair competition causes of action and the source of each statement.  *See, e.g.*, *Leyva v. Allstate Fire & Cas. Ins. Co.*, 2:21-cv-987-RSM-DWC, 2022 WL 2046220, at *2 (W.D. Wash. June 7, 2022) ("Defendants are entitled to know what acts and facts Plaintiffs believe support the bases of their claims."); *United States ex rel. Dougherty v. Guild Mortg. Co.*, 16-cv-2909-JAH-BLM, 2020 WL 3542391, at *5 (S.D. Cal. June 30, 2020) ("Generally, interrogatories directing a plaintiff to state facts supporting contentions in his complaint are entirely appropriate.") (citation omitted).

Assuming the statements set forth in Plaintiff's response to Interrogatory No. 1 were the result of diligent research already conducted by Plaintiff, it would be neither burdensome nor absurd to require Plaintiff to identify the specific sources of the statements upon which it will rely to prove its causes of action.  It is not sufficient for Plaintiff to broadly refer to Defendants' website and marketing materials.  Furthermore, the fact that the referenced website and materials may be equally available and accessible to Defendants does not obviate Plaintiff's responsibility to specify the statements upon which it will rely and identify the source of each statement.  Moreover, Plaintiff must establish the admissibility of each allegedly false statement at trial, presumably as a party-opponent

admission under Fed. R. Evid. 801(d)(2), by identifying the specific statement and its source attributable to Defendants.  It should not be unduly burdensome for Plaintiff to provide that same information now.

The Court is mindful that certain allegedly false statements may have been published in multiple marketing materials or that a single statement may have been disseminated as part of marketing materials attached to multiple emails.  However, the Court understands Interrogatory No. 1 to request identification of each allegedly false statement and its source (*e.g.*, the specific marketing brochure containing the statement), not every instance in which that false statement was made by Defendants.

The Court **GRANTS IN PART** Defendants' Motion as follows:

**Statements 1, 2 and 10-13**[2]

Plaintiff must supplement its response to identify the specific statements and the specific source of each statement.

**Statements 3-9, 14-20, 24-27 and 32**

Plaintiff's response adequately identifies the specific statements, but Plaintiff must supplement its response to identify the specific source of each statement.

**Statements 29-30**

Plaintiff's interrogatory response references "representations made in" two studies. However, Plaintiff's motion response contends that "Plaintiff does not assert certain discrete statements within the surveys are misleading; the studies are false and misleading in their entirety."  Dkt. No. 63, at 6.  Plaintiff further asserts that this "render[s] any representations made based on those studies misleading and false."  *Id*.

/ / /

---

[2]  For ease of reference, the numbering corresponds to the 32 statements identified in Plaintiff's interrogatory response.

Plaintiff must supplement its response to identify any "representations made in" the studies upon which it will rely. If Plaintiff's contention is that the studies are false in their entirety, its interrogatory response should make this clear. Moreover, Plaintiff must identify any "representations made based on those studies" upon which it intends to rely.

### Statement 31

Plaintiff must supplement its response to identify the specific statements contained in the identified video.

Defendants' Motion with respect to statements 21-23 and 28 is **DENIED**. Plaintiff's interrogatory response adequately identifies the specific statements and source of each statement.

### C.  Attorneys' Fees

Defendants do not seek attorneys' fees in connection with their motion. Plaintiff seeks attorneys' fees in a one-sentence footnote. Dkt. 63 at 6, n. 2. If a motion to compel discovery is granted in part and denied in part, the court "may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion." Fed. R. Civ. P. 37(a)(5)(C). Here, the Court declines to apportion reasonable expenses. *See Williams v. County. of San Diego*, No. 17-cv-00815-MMA-JLB, 2019 WL 2330227, at *11 (S.D. Cal. May 31, 2019) (declining to apportion reasonable expenses because motion to compel granted and denied in part).

### D.  Civility and Decorum

The Court takes this opportunity to remind the parties of the principles of professionalism and civility that this District requires. *See* Civ.L.R. 2.1. Going forward, the parties shall present all arguments without personal commentary or opinions concerning another party's actions or arguments. Comments regarding alleged "chicanery" or a "thirst" for litigation do not assist the Court in resolving the legal issues at hand and are neither appropriate nor appreciated. Counsel for both parties are officers of the court and will conduct themselves as such in all dealings with each other and with the Court.

/ / /

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Compel Further Responses to Interrogatories. Plaintiff must serve a supplemental response to Interrogatory No. 1 consistent with this Order on or before September 30, 2022.

**IT IS SO ORDERED.**

Dated: September 16, 2022

_____
Honorable David D. Leshner
United States Magistrate Judge