UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPRIMISRX, LLC, <br><br>   Plaintiff, <br><br> v. <br><br> OSRX, INC.; OCULAR SCIENCE, INC., <br><br>   Defendants. | Case No. 21-cv-01305-BAS-DDL <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT (ECF No. 67)** |

Before the Court is Plaintiff's motion for leave to file a second amended complaint. (Mot., ECF No. 67.) Defendants oppose (Opp'n, ECF No. 70), and Plaintiff replies (Reply, ECF No. 72). Having considered the parties' filings, the Court **GRANTS** Plaintiff's motion for leave to file a second amended complaint and finds good cause to amend the scheduling order.

I.   **BACKGROUND**

On July 20, 2021, Plaintiff commenced this action and filed a Complaint alleging false advertising, trademark infringement, false designation of origin, common law unfair competition, copyright infringement, and violations of California's Unfair Competition Law. (ECF No. 1.) Defendants answered on October 22, 2021 and counterclaimed against Plaintiff. (ECF No. 5.) On March 3, 2022, Magistrate Judge Barbara Lynn Major issued a

scheduling order. (ECF No. 21.) The scheduling order set a May 1, 2022 deadline for motions to amend the pleadings, and an October 3, 2022 deadline for the parties to complete fact discovery. (*Id.*) On April 29, 2022, the parties submitted a joint motion for leave to file a first amended complaint (ECF No. 27), and Plaintiff filed the first amended complaint on the same day (ECF No. 28).

On May 17, 2022, after the deadline for amending the pleadings had passed, Defendants produced over 20,000 pages of documents. (Reply at 6.) In those documents, Plaintiff allegedly discovered Defendant's infringing use of the Pred-Moxi® and Dex-Moxi® marks. (*Id.*) Plaintiff represents that in early August 2022, it decided to pursue new claims related to these marks. (Mot. at 4.) On August 10, 2022, Plaintiff emailed Defendants requesting a joint motion to allow Plaintiff to file a second amended complaint. (*Id.*) Defendant declined, and Plaintiff filed the present motion approximately a month later. (*Id.*)

While the present motion was pending, the parties filed a joint motion to amend the scheduling order. (ECF No. 80.) The current fact discovery deadline is December 2, 2022. (ECF No. 81.)

## II.   LEGAL STANDARD

Rule 16(b) and Rule 15(a) govern consideration of the present motion for leave to amend. When a motion for leave to amend is filed after entry of a Rule 16 scheduling order, the motion "is governed first by Rule 16(b), and only secondarily by Rule 15(a)." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607–08 (9th Cir. 1992)). Pursuant to Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

If Rule 16(b) is satisfied, then the court considers the propriety of amendment pursuant to Rule 15(a). "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Rule 15(a) is very liberal[.]" *AmerisourceBergen*

*Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). "This liberality . . . is not dependent on whether the amendment will add causes of action or parties." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

### III.   ANALYSIS

#### A.   Rule 16(b)

Good cause under Rule 16(b)(4) means that a pretrial deadline "cannot reasonably be met despite the diligence of the party seeking the extension." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (internal quotations and citations omitted). A party may show good cause when the amendment is based on new and pertinent information that came to light after the deadline to amend. *See Lyon v. U.S. Immigr. & Customs Enf't*, 308 F.R.D. 203, 216 (N.D. Cal 2015); *Burns ex rel. Office of Pub. Guardian v. Hale & Dorr, LLP*, 242 F.R.D. 170, 174 (D. Mass. 2007) (finding good cause exists when facts came to light as a result of discovery). Ultimately, "[t]he decision to modify a scheduling order is within the broad discretion of the district court." *Turner v. Anand*, No. 14-CV-01147-BAS PCL, 2015 WL 4474671, at *4 (S.D. Cal. July 21, 2015).

Diligence is a "case-specific" inquiry that turns primarily on the length of time between the ground necessitating amendment and the movant's request to amend. *See San Diego Ass'n of Realtors, Inc. v. Sandicor, Inc.*, No. 16cv96-MMA (KSC), 2017 WL 6344816, at *5 (S.D. Cal. Dec. 12, 2017). "A party fails to show good cause when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline." *Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 194 (S.D.N.Y. 2014) (internal quotations and citations omitted).

Here, Defendant produced more than 20,000 pages of documents on May 17, 2022, after the deadline to amend the pleadings. (ECF No. 72-1 ¶ 2.) Plaintiff reviewed the documents and identified the additional causes of action by early August 2022. (ECF No. 67-4 ¶ 4.) Given the volume of discovery documents, it is reasonable that Plaintiff would need two and a half months to review the production. Plaintiff then moved immediately to meet and confer with Defendants upon deciding to pursue the additional infringement

claims. (*Id.*) Approximately one month later, Plaintiff filed this motion for leave to amend. (*Id.* ¶ 7.) The Court finds that Plaintiff exhibited diligence as new facts came to its attention during discovery.

Further, Defendants do not contest and therefore concede that Plaintiff could bring a separate lawsuit alleging trademark infringement of the Pred-Moxi® and Dex-Moxi® marks. (Opp'n.) A separate legal action would extend this dispute unnecessarily and consume judicial resources. As such, the Court finds good cause to amend the scheduling order.

### B.     Rule 15(a)

Rule 15 governs pleading amendments. Fed. R. Civ. P. 15(a)(2). The Rule states, "The court should freely give leave [to amend] when justice so requires." *Id.* But the court need not grant leave where the amendment: (1) prejudices the opposing party, (2) is sought in bad faith, (3) produces an undue delay in litigation, (4) is futile, or (5) follows other amendments. *See W. Shoshone Nat'l Council v. Molini*, 951 F.2d 200, 204 (9th Cir. 1991). Defendants assert only prejudice to the opposing party. (Opp'n.) But the Court finds no substantial prejudice.

"[T]o justify denial of leave to amend, the prejudice must be substantial." *Piper Jaffray & Co. v. Mktg. Grp., USA, Inc.*, No. 06-CV-2478-H (POR), 2007 WL 9776639, at *3 (S.D. Cal. July 12, 2007); *accord Rutter Group Practice Guide: Federal Civil Procedure Before Trial, California & Ninth Circuit Edition* ¶ 8:1518 (9th ed. 2022); *see also Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998) ("Any prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment."). Defendants argue that they would be prejudiced by limited time for discovery, particularly for reissuing discovery requests and expert disclosures and investigating potential counterclaims. (Opp'n at 10–11.) Plaintiff counters that Defendants avoided discovery on Pred-Moxi® and Dex-Moxi®, even after Plaintiff filed this motion for a second amended complaint, and therefore, any prejudice is self-inflicted. (Reply at 8.) The Court is unconvinced that Defendants had a duty to conduct discovery on claims

that were not in the Complaint at the time, but even so the Court finds there is no substantial prejudice to Defendants.

Although delay and expense can constitute prejudice, "[t]he need for additional discovery is insufficient by itself to deny a proposed amended pleading." *In re Cir. Breaker Litig.*, 175 F.R.D. 547, 551 (C.D. Cal. 1997). Further, Defendants will have ample time to develop their defense through discovery. Fact discovery has already been extended until December 2, 2022. (ECF No. 81.) Plaintiff has produced financial records regarding the Pred-Moxi® and Dex-Moxi® marks, and Defendants have more than a month to conduct further discovery. In addition, if good cause exists to amend the scheduling order to allow Defendants more time to develop a defense through discovery, then Defendants will have the opportunity to raise the issue. Thus, any delay resulting from a second amended complaint will not substantially prejudice Defendants.

## IV.   CONCLUSION

The motion for leave to file a second amended complaint (ECF No. 67) is **GRANTED**. Plaintiff must file a second amended complaint on or by **October 31, 2022**.

**IT IS SO ORDERED.**

**DATED: October 27, 2022**

Hon. Cynthia Bashant
United States District Judge