UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPRIMISRX, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>OSRX, INC. and OCULAR SCIENCE, INC.,<br><br>        Defendants. | Case No.: 21-cv-1305-BAS-DDL<br><br>**ORDER DENYING DEFENDANTS' MOTION TO COMPEL PRODUCTION OF SEARCH TERMS**<br><br>[Dkt. No. 92] |
| OSRX, INC. and OCULAR SCIENCE, INC.,<br><br>        Counterclaimants,<br><br>v.<br><br>IMPRIMISRX, LLC,<br><br>        Counterdefendant. | |

## I.

## BACKGROUND

Before the Court is Defendants' OSRX, Inc. and Ocular Science, Inc.'s ("Defendants") Motion to Compel Production of Search Terms ("Motion"). Dkt. No. 92. Defendants seek an order compelling Plaintiff ImprimisRx, LLC ("Plaintiff") to disclose

the sources, methodology and search terms used to collect emails and other documents from Plaintiff's president, John Saharek, responsive to Defendants' requests for production. Defendants bring the instant Motion based on Saharek's October 17, 2022 deposition testimony that, although he expected to be notified if any documents, emails, or electronically stored information ("ESI") in his possession were collected from him in connection with the case, he was unaware of any such collection.

Plaintiff opposes the Motion on the grounds that it considered Defendants' document requests, collected Saharek's emails, and properly searched for responsive documents. Dkt. No. 93. Plaintiff also asserts that Defendants fail to articulate any particular deficiency in Plaintiff's document production.

## II.
## LEGAL STANDARD

The Federal Rules of Civil Procedure permit a broad scope of discovery: "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401.

## III.
## DISCUSSION

**A.  Cooperation Regarding ESI Search Terms**

"[I]n cases involving voluminous amounts of ESI and/or numerous custodians, parties frequently agree, at the outset, to exchange ESI search terms." *Terpin v. AT&T Inc.*, No. CV 18-6975-ODW (KSx), 2022 WL 3013153, at *5 (C.D. Cal. June 13, 2022). The Court agrees with the proposition that "the more efficient procedure is to agree on search terms and custodians before conducting electronic data collection." *Id.  See also Baranco v. Ford Motor Co.*, No. 17-CV-03580-EMC, 2018 WL 9869540, at *1 (N.D. Cal. Apr. 10,

2018) ("It is well-established that, when search terms are used in ESI discovery, the parties should cooperate to select reasonable search terms and custodians."). Indeed, the ESI Checklist for the Rule 26(f) Conference that is incorporated into the Court's Chambers Rules specifically directs the parties to meet and confer at the outset of the case regarding, among other things, "[t]he search method(s), including specific words or phrases or other methodology, that will be used to identify discoverable ESI and filter out ESI that is not subject to discovery." The ESI Checklist is designed to promote collaborative dialogue between the parties and facilitate the efficient collection and production of ESI discovery and avoid disputes such as this Motion.

Unfortunately, it is apparent that the parties did not engage in a fulsome meet and confer regarding the ESI Checklist items, including relevant search terms, at the outset of this case. Plaintiff's opposition attaches correspondence between the parties regarding search terms that appears to post-date Plaintiff's document production. Dkt. Nos. 93-5, 93-6, 93-7 and 93-8. And at a discovery conference on December 16, 2022, concerning another discovery dispute in this case, counsel for both parties affirmed that they did not meet and confer regarding search terms prior to propounding discovery or producing documents. That failure to meet and confer regarding search terms that Plaintiff would use to locate responsive documents, including emails, in its repository of approximately 2 million documents likely resulted in otherwise avoidable litigation. *See Baranco,* 2018 WL 9869540, at *1 ("Transparency and cooperation prior to document collection promote efficiency by reducing the risk that after-the-fact disputes will necessitate a costly second or third iteration.").

Plaintiff's counsel confirmed that the repository is searchable, and the Court ordered the parties to meet and confer regarding search terms for documents that are responsive to Defendants' third set of requests for production. The Court expects the parties' good faith efforts to agree on appropriate search terms that will narrow (if not eliminate) their disputes and will eliminate the perceived need for another motion such as this one.
///

B. **Discovery of Search Terms Used By Plaintiff**

"Discovery into another party's discovery process is disfavored," and "requests for such 'meta-discovery' should be closely scrutinized in light of the danger of extending the already costly and time-consuming discovery process ad infinitum." *Jensen v. BMW of North America, LLC*, 328 F.R.D. 557, 566 (S.D. Cal. 2019). "Generally, courts will only permit such discovery where there is some indication that a party's discovery has been insufficient or deficient." *Id.*

In addressing a request to compel disclosure of search terms employed by an opposing party to identify responsive documents, relevant considerations include (1) whether the request is made prior to the collection and production of responsive documents and (2) if the request for search terms is made after production, whether the party seeking disclosure has identified some deficiency or insufficiency of the responding party's production. In certain instances, courts have ordered parties to engage in meet and confer efforts, including disclosure of proposed search terms, before the search process begins. *See, e.g., Baranco*, 2018 WL 9869540, at *1 ("The Court orders Ford to disclose its proposed search methodology, including the identity of its custodians, so that Plaintiffs have a reasonable opportunity to provide their input, objections, or suggestions as part of the meet-and-confer."); *Frieri v. Sysco Corp.*, No. 3:16-cv-01432-JLS-NLS, 2017 WL 2908777, at *6 (S.D. Cal. July 7, 2017) ("Plaintiff's counsel is ORDERED to meet and confer with Defendant's counsel to develop reasonable, tailored search terms and appropriate connectors to limit the scope and breadth of the requests that seek emails.").

The analysis changes where a party seeks post-production disclosure of search terms used by the opposing party to identify responsive documents. The Court agrees with *Terpin* that "there is no fundamental discovery requirement that a party provide its ESI search terms in litigation." *Terpin*, 2022 WL 3013153, at *5 (internal quotations omitted). Rather, as noted above, post-production "discovery on discovery" of search terms generally is warranted only on a showing that a party's production has been "insufficient or deficient." *Jensen*, 328 F.R.D. at 566 (denying motion to compel disclosure of search efforts); *Terpin*,

2022 WL 3013153, at *5 (C.D. Cal. June 13, 2022) (denying motion to compel disclosure of search terms post-production where the moving party "offers only speculation and unsupported assertions" regarding alleged deficiencies in production); *accord Orillaneda v. French Culinary Institute*, No. 07 Civ. 3206(RJH)(HBP), 2011 WL 4375365, at *6 (S.D.N.Y. Sept. 19, 2011) (denying request for discovery of search procedures where requesting party "has not identified any specific reasons for believing that defendant's production is deficient").

Here, Defendants fail to show a deficiency in Plaintiff's collection, review, and production of documents in Saharek's possession. Saharek's deposition testimony that he was not aware his emails were collected does not contradict Plaintiff's assertion that it collected Saharek's emails and produced responsive, non-privileged emails. Additionally, Plaintiff has provided a declaration of its IT Director, Garrett Scarborough, who declares that, although he did not personally discuss the email collection with Saharek, he directly supervised and had knowledge of actions taken by the company's former Network Security Supervisor to collect Saharek's emails, which were discussed with Plaintiff's in-house counsel and subsequently transferred to Plaintiff's counsel. Dkt. No. 93-1 at 2.

Defendants have not shown that Plaintiff's collection and production of Saharek's emails was "insufficient or deficient." *Jensen*, 328 F.R.D. at 566. As such, the Court will not compel Plaintiff to produce the search terms it used to locate Saharek's emails that were responsive to Defendants' requests for production.

///
///
///
///
///
///
///
///

## IV.
## CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' Motion to Compel Production of Search Terms.

**IT IS SO ORDERED.**

Dated: December 19, 2022

*David Leshner*

Honorable David D. Leshner
United States Magistrate Judge