1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

IMPRIMISRX, LLC,

Plaintiff,

v.

OSRX, INC.; OCULAR SCIENCE, INC.,

Defendants.

Case No. 21-cv-01305-BAS-DDL

**ORDER:**

**(1)  DENYING PLAINTIFF'S MOTION TO STRIKE (ECF No. 94); AND**

**(2)  GRANTING IN PART DEFENDANTS' MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS (ECF No. 96)**

Before the Court is Plaintiff's Motion to Strike (ECF No. 94) and Defendants' Motion for Partial Judgment on the Pleadings (ECF No. 96). Having considered the parties' filings, the Court **DENIES** Plaintiff's Motion to Strike and **GRANTS IN PART** Defendants' Motion for Partial Judgment on the Pleadings.

## I.    BACKGROUND

On July 20, 2021, Plaintiff commenced this action and filed a Complaint alleging false advertising, trademark infringement, false designation of origin, common law unfair competition, copyright infringement, and violations of California's Unfair Competition

21cv1305

Law. (ECF No. 1.) The parties are compounding pharmacies focused on medications used in optometry and ophthalmology. (SAC, ECF No. 84.) Plaintiff alleges Defendants have "attempted to take business from [Plaintiff] by cutting corners and engaging in tortious conduct." (*Id.* ¶ 3.) Three claims are relevant to the present motions. First, the SAC alleges false advertising under the Lanham Act—failing to disclose risks, deceiving customers with respect to safety and efficacy, and misrepresenting FDA compliance. (*Id.* ¶¶ 45–47.) Second, it alleges unfair competition under California state law ("UCL"), based on false advertising and trademark infringement. (*Id.* ¶ 87.) Third, it alleges copyright infringement of a "valid copyright" that Plaintiff "owns." (*Id.* ¶¶ 81–82.)

Defendants answered on October 22, 2021 and counterclaimed against Plaintiff. (ECF No. 5.) Subsequently, Plaintiff amended its Complaint (ECF No. 28), and Defendants answered (ECF No. 30). During discovery, Plaintiff moved to amend its Complaint again, seeking to add two more trademarks to the list of allegedly infringed trademarks. (ECF No. 67.) The Court granted the motion to amend (ECF No. 83), and Plaintiff filed a Second Amended Complaint (ECF No. 84). Defendants then filed an Amended Answer to Plaintiff's Second Amended Complaint, which added two affirmative defenses. (ECF No. 90.) Defendants' twenty-eighth Affirmative Defense states Plaintiff's Lanham Act claim and UCL claim are precluded or preempted by the federal Food, Drug, and Cosmetic Act ("FDCA") ("Preclusion Defense"). (*Id.* at 15.) Defendants' Twenty-Ninth Affirmative Defense states, *inter alia*, Plaintiff lacks standing to sue for copyright infringement ("Standing Defense"). (*Id.*) Plaintiff then filed the present Motion to Strike these two affirmative defenses from Defendants' Amended Answer. (ECF No. 94.) Just a few days later, Defendants filed their Motion for Partial Judgment on the Pleadings based on the Preclusion Defense and the Standing Defense.

## II.   LEGAL STANDARD

### A.   Motion to Strike

Federal Rule of Civil Procedure ("Rule") 12(f) provides that a court may strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Sidney-Vinstein v. A.H. Robins Co.*, 697 F.2d 880, 885 (9th Cir. 1983).

"Motions to strike are generally regarded with disfavor because of the limited importance of pleading in federal practice, and because they are often used as a delaying tactic." *Neilson v. Union Bank of Cal.*, 290 F. Supp. 2d 1101, 1152 (C.D. Cal. 2003). "[The] motion . . . should not be granted unless the matter to be stricken clearly could have no possible bearing on the subject of the litigation. If there is any doubt . . . the court should deny the motion." *Platte Anchor Bolt, Inc. v. IHI, Inc.*, 352 F. Supp. 2d 1048, 1057 (N.D. Cal. 2004) (internal citations omitted).

### B.   Motion for Judgment on the Pleadings

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "A Rule 12(c) motion is 'functionally identical' to a Rule 12(b)(6) motion, and the same legal standard applies to both." *Keck v. Alibaba.com Hong Kong Ltd.*, 369 F. Supp. 3d 932, 935 (N.D. Cal. 2019) (quoting *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)). Therefore, "[a] judgment on the pleadings is properly granted when, taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Nelson v. City of Irvine*, 143 F.3d 1196, 1200 (9th Cir. 1998).

### III.   ANALYSIS

### A.   Motion to Strike

Plaintiff moves to strike two of Defendants' affirmative defenses: the Preclusion Defense and the Standing Defense.

To begin, a lack of standing argument cannot be waived under Rule 12(h). *See* Fed. R. Civ. P. 12(h); *Ctr. for Biological Diversity v. Kempthorne*, 588 F.3d 701, 708 (9th Cir. 2009) ("Like standing, ripeness can be raised at any time and is not waivable."); *see also United States v. Viltrakis*, 108 F.3d 1159, 1160 (9th Cir. 1997) ("[T]he jurisdictional issue

- 3 -

of standing can be raised at any time."). As a result, the Court is perplexed as to the reason for Plaintiff's Motion to Strike. Whether or not the Court strikes this affirmative defense in the Amended Answer, Defendants remain free to raise the substantive arguments in its Motion for Judgment on the Pleadings, at summary judgment, or at trial.[1]

Regardless, the Court analyzes the waiver issue. The prevailing approach to adding new affirmative defenses to an amended answer is the so-called "moderate approach." *Natural-Immunogenics Corp. v. Newport Trial Group*, No. SACV 15-2034 JVS (JCGx), 2020 WL 5239856, at *5 (C.D. Cal. Aug. 3, 2020) (noting that district courts in the Ninth Circuit "generally utilize" the "moderate approach"). Under the "moderate approach," a defendant may file an amended answer without leave of court "only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." *Coppola v. Smith*, No. 1:11-CV-1257 AWI BAM, 2015 WL 2127965, at *2 (E.D. Cal. May 6, 2015) (quoting *Va. Innovation Scis., Inc. v. Samsung Elecs. Co.*, 11 F. Supp. 3d 622, 632 (E.D. Va. 2014)). In this case, the Second Amended Complaint merely added two additional trademarks to the list of allegedly infringed trademarks. (SAC ¶ 36.) The preemption and standing defenses clearly exceed the scope of the amendments to the First Amended Complaint. Thus, under the "moderate approach," Defendants did not have the right to add these defenses to its amended answer without leave of court.

The Court, however, need not strike the preemption defense if a defendant "would nevertheless have been granted leave, on its motion, to amend its answer to assert . . . the

---

[1] Courts are split on whether preemption is a waivable affirmative defense. Some conclude, based on Rule 12, that preemption cannot be waived; others interpret Rule 8 to require a defendant to plead preemption. *Compare Yumul v. Smart Balance, Inc.*, No. CV 10-00927 MMM, 2011 WL 1045555, at *5 (C.D. Cal. Mar. 14, 2011) (concluding that a defendant is "entitled to raise its preemption defense in its answer, in a motion for judgment on the pleadings under Rule 12(c), or at trial"), *with Stephens v. Union Pac. R.R. Co.*, No. 1:17-CV-00385-BLW, 2018 WL 4701784, at *5 (D. Idaho Oct. 1, 2018) (finding that preemption is a "defense that has to be plead as an affirmative defense"), *aff'd*, 935 F.3d 852 (9th Cir. 2019); *see also* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1278 (4th ed. 2022) (outlining the controversy among courts). The Court need not rule on this issue as it ultimately denies Plaintiff's Motion to Strike.

21cv1305

new affirmative defenses to the claims." *Adobe Sys. Inc. v. Coffee Cup Partners, Inc.*, No. C 11-2243 CW, 2012 WL 3877783, at *6 (N.D. Cal. Sept. 6, 2012). In essence, the issue is whether the Court should retroactively grant Defendants leave to amend under Rules 16(b) and 15(a). *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). Pursuant to Rule 16, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). If Rule 16(b) is satisfied, then the court considers the propriety of amendment pursuant to Rule 15(a). "[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

As Defendants explained in their briefing and exhibits, changes in the law and new information unearthed in discovery support good cause for leave to amend. Regarding standing, testimony from Plaintiff's employees about the ownership of the copyright in question exposed the standing issue. (Elsea Decl., ECF No. 102-1.) Regarding preemption, a recent Ninth Circuit case[2] clarified the law of preemption relating to the Food and Drug Administration. Thus, under the Rule 16(b) and 15(a) standards, the Court finds leave to amend appropriate.

Accordingly, the Court **DENIES** Plaintiff's Motion to Strike. (ECF No. 94.)

### B.    Motion for Partial Judgment on the Pleadings

In their Motion for Partial Judgment on the Pleadings, Defendants make three arguments. First, the FDCA precludes Plaintiff's Lanham Act claim and preempts Plaintiff's UCL claim. Second, in the alternative, the primary jurisdiction doctrine bars these same claims. Third, Plaintiff lacks standing to bring its copyright infringement claim.

#### 1.    Preclusion and Preemption

The FDCA prohibits private enforcement: "all proceedings to enforce or restrain violations of the FDCA must be 'by and in the name of the United States,' except for certain proceedings by state governments." *Nexus Pharms., Inc. v. Central Admixture Pharmacy*

---

[2] *Nexus Pharms., Inc. v. Cent. Admixture Pharmacy Servs., Inc.*, 48 F.4th 1040 (9th Cir. 2022).

*Servs., Inc.*, 48 4th 1040, 1044 (9th Cir. 2022). Defendants aver this prohibition precludes Plaintiff's Lanham Act and UCL claims.

This issue implicates two opposing precedents. On the one hand, the Supreme Court in *POM Wonderful LLC v. Coca-Cola Co.* examined the issue of whether the FDCA precludes a food or beverage false advertising claim under the Lanham Act. 573 U.S. 102, 111 (2014). The Court reasoned that the Lanham Act is a federal statute, and as a result, principles of statutory interpretation, and not principles of preemption, frame the inquiry. *Id.* The Court held that the FDCA and the Lanham Act pursue complementary but distinct goals: "[T]he Lanham Act protects commercial interests against unfair competition, while the FDCA protects public health and safety." *Id.* at 115. And accordingly, the FDCA does not preclude causes of action under the Lanham Act. *Id.* Thus, *POM Wonderful* seems to settle the issue: Lanham Act claims are not precluded by the FDCA.

On the other hand, however, the Ninth Circuit recently held that the FDCA preempts state law claims that seek to privately enforce the FDCA. *See Nexus*, 48 F.4th at 1050. In *Nexus*, the plaintiff alleged the defendant violated the "laws of several states . . . all of which 'prohibit the sale of drugs not approved by the FDA.'" *Id.* at 1044. The claims required "litigation of whether [defendant's] compounded drugs are 'essentially a copy' of [an approved drug] where the FDA has not itself so concluded." *Id.* at 1048. The term "essentially a copy" is defined by the FDCA, and so the claims required the district court to rule on the FDCA issue. *Id.* at 1043. In this way, the FDCA violation was integral to the state law claim. After cataloguing and synthesizing circuit precedent, the Ninth Circuit held that the FDCA preempts state law claims that "incorporate federal law" and accordingly depend on litigating FDCA violations. *Id.* at 1047, 1050. Thus, *Nexus* stands for the principle that state law false advertising claims should be precluded when they "would require litigation of the alleged underlying FDCA violation in a circumstance where the FDA has not itself concluded that there was a violation." *Id.* at 1048 (quoting *PhotoMedex, Inc. v. Irwin*, 601 F.3d 919, 924 (9th Cir. 2010)).

21cv1305

*Lanham Act claim:* Defendant argues that Plaintiff's Lanham Act claim relies on an embedded FDCA violation. Neither *POM Wonderful* nor *Nexus* squarely settles whether the FDCA precludes a Lanham Act claim with an embedded or integral FDCA issue. In *Nexus*, the Ninth Circuit considered only state-law preemption rather than federal-law preclusion. In *POM Wonderful*, the Lanham Act claim did not have an embedded FDCA issue. The complaint alleged that the defendant's juice labels deceived consumers and, as a result, harmed the plaintiff as a competitor. *POM Wonderful*, 573 U.S. at 110. No aspect of the claim required the courts to interpret the FDCA. Thus, this case presents an unsettled issue: whether a Lanham Act claim with an embedded FDCA issue is precluded by the FDCA's prohibition on private enforcement.

The Court finds the reasoning of *POM Wonderful* more logically extends to Plaintiff's Lanham Act claim. The Supreme Court in *POM Wonderful* made clear that a state-law preemption analysis is separate and distinct from an "alleged preclusion of a cause of action under one federal statute by the provisions of another federal statute." *Id.* at 111. The Court acknowledged that the statutes intersect, but reasoned, "The Lanham Act and the FDCA complement each other in major respects, for each has its own scope and purpose." *Id.* at 106, 115. The FDCA and its regulations are not "a ceiling" on the regulation of advertising. *See id.* at 119 ("The Government assumes that the FDCA and its regulations are at least in some circumstances a ceiling on the regulation of food and beverage labeling. But, as discussed above, Congress intended the Lanham Act and the FDCA to complement each other with respect to food and beverage labeling."). This strongly favors the coexistence of the FDCA and the Lanham Act enforcement mechanisms. As a result, the Court finds that the FDCA does not preclude Lanham Act claims, even when an FDCA violation is embedded.

Moreover, even if *Nexus* did control, only one part of Plaintiff's theory of liability relies on an FDCA violation. Plaintiff alleges three theories under the Lanham Act and the UCL: (1) Defendants falsely asserted they comply with Section 503A of the FDCA ("Compliance Theory"), (2) Defendants falsely represented that their drugs are safe and

effective and appropriate for treatment of certain conditions, despite a lack of FDA approval ("Safe and Effective Theory"), and (3) Defendants relied on unreliable studies to represent benefits and safety ("Studies Theory"). There is no embedded FDCA claim in the Safe and Effective Theory or the Studies Theory. The Safe and Effective Theory includes an allegation that Defendants' products are not FDA approved, but that in itself does not make the FDCA integral to the claim. FDA approval is a factual allegation that requires no interpretation of the FDCA or FDA regulations. Similarly, the Studies Theory does not implicate FDCA violations. The crux of Plaintiff's allegations is that insufficient scientific studies support representations in Defendants' advertising. Thus, the Safe and Effective Theory and the Studies Theory would survive this Motion for Partial Judgment on the Pleadings, even if the Court found the FDCA precludes Lanham Act claims with embedded FDCA issues.

Accordingly, the Court denies the Motion for Partial Judgment on the Pleadings with respect to Plaintiff's Lanham Act claim.

*UCL claim:* The Court next considers Plaintiff's UCL claim. Unlike the Lanham Act, principles of preemption do apply to California law. This issue falls within the Ninth Circuit's holding in *Nexus*. Therefore, if an FDCA violation is integral to Plaintiff's UCL claim, then the FDCA's prohibition on private enforcement preempts the claim. *See Nexus*, 48 F.4th at 1050. Plaintiff argues that UCL claims adhere to Lanham Act claims when they are based on the same theories and allegations. (ECF No. 104 at 20.) But Plaintiff cites to cases that compare and equate the substantive requirements of the Lanham Act and California's UCL, not a preemption analysis. (*See id.* at 20–21 (citing *United Fabricare Supply, Inc. v. 3Hanger Supply Co., Inc.*, No. CV 12-03755-MWF FFMX, 2012 WL 2449916, at *5 (C.D. Cal. June 27, 2012); *Cleary v. News Corp.*, 30 F.3d 1255, 1262–63 (9th Cir. 1994)).) Although a California UCL claim may substantively mirror a Lanham Act claim, preemption is a separate inquiry. State law shifts the inquiry from a statutory interpretation exercise to the purview of the Supremacy Clause and the "state-federal balance." *See POM Wonderful*, 573 U.S. at 111. *Nexus* provides an answer to this inquiry:

- 8 -

if an FDCA violation is integral to a state-law claim, then the FDCA preempts the claim. *See Nexus*, 48 F.4th at 1050. Thus, to the extent that Plaintiff's UCL claim relies on violations of the FDCA, it is preempted.

Plaintiff's UCL claim, however, is largely not premised on violations of the FDCA. Again, Plaintiff's Safe and Effective Theory and Studies Theory do not rely on FDCA violations. Further, Plaintiff's UCL claim is also based on another theory—the unauthorized use of trademarks—which has not been challenged in this Motion for Partial Judgment on the Pleadings. Accordingly, the FDCA only preempts Plaintiff's theory of liability to the extent that it relies on a FDCA violation.

Thus, the Court **GRANTS IN PART** Defendants' Motion for Judgment on the Pleadings. Specifically, the Court denies Defendants' Motion with respect to Plaintiff's Lanham Act claim; and the Court grants in part Defendants' Motion with respect to Plaintiff's UCL claim. Plaintiff may proceed with its UCL claim under its Safe and Effective Theory and its Studies Theory, as well as any theories unrelated to false advertising, but the Court precludes Plaintiff from relying on the Compliance Theory to establish UCL liability.

### 2.    Primary Jurisdiction Doctrine

The Court now turns to Defendants' alternative argument that the primary jurisdiction doctrine bars Plaintiff's Lanham Act and UCL claims. The Court finds it does not.

The primary jurisdiction doctrine is "a prudential doctrine under which courts may, under appropriate circumstances, determine that the initial decision-making responsibility should be performed by the relevant agency rather than the courts." *Syntek Semiconductor Co. v. Microchip Tech. Inc.*, 307 F.3d 775, 780 (9th Cir. 2002). Primary jurisdiction is not sufficient to dismiss a claim on the merits, but where it applies, allows a court discretion to "stay proceedings or dismiss the case without prejudice" to allow an administrative agency to act in the first instance. *Astiana v. Hain Celestial Group, Inc.*, 783 F.3d 753, 761 (9th Cir. 2015). This doctrine is reserved for a "limited set of circumstances" and is not

intended to "secure expert advice from agencies every time a court is presented with an issue conceivably within the agency's ambit." *Clark v. Time Warner Cable*, 523 F.3d 1110, 1114 (9th Cir. 2008) (internal quotations omitted).

At this stage of the proceedings, the Court finds no reason to issue a stay. Defendants have failed to establish the circumstances or factors that justify a stay. The Court may determine at summary judgment that the issues presented are better suited to agency expertise. But on the pleadings, the case appears to be well within the competence of the Court. *See Allergan USA Inc. v. Imprimis Pharms., Inc.*, No. SA CV 17-1551-DOC (JDEx), 2017 WL 10526121, at *9 (C.D. Cal. Nov. 14, 2017) (declining to stay under the primary jurisdiction doctrine a case alleging violations of Section 503A of the FDCA).

Thus, the Court declines to stay this case based on the primary jurisdiction doctrine.

### 3. Standing

Defendants also move for judgment on the pleadings on Plaintiff's copyright claim based on a lack of standing. (Mot. 14.) The SAC alleges, "ImprimisRx owns a valid copyright in its Order Form, which is registered with U.S. Copyright Office effective July 8, 2021." (SAC ¶ 81.) Defendants argue that this assertion is false and therefore that Plaintiff lacks standing to sue for copyright infringement.

In support, Defendants file a Request for Judicial Notice of a publicly filed copyright registration. (Req. Judicial Notice ("RJN"), ECF No. 96-2.) Under Rule 201(b), the court may judicially notice a fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A copyright registration is judicially noticeable. *See City of Carlsbad v. Shah*, 850 F. Supp. 2d 1087, 1100 n.2 (S.D. Cal. 2012) (taking judicial notice of a copyright registration); *Warren v. Fox Fam. Worldwide, Inc.*, 171 F. Supp. 2d 1057, 1062 (C.D. Cal. 2001) ("Copyright certificates are the type of documents that the court may judicially notice under Rule 201(b)(2)."), *aff'd*, 328 F.3d 1136 (9th Cir. 2003). The Court therefore **GRANTS** Defendants' Request for Judicial Notice.

The copyright registration reveals that Harrow IP, LLC, and not Plaintiff, is the owner of the copyright at issue. (Ex. 1 to RJN, ECF No. 96-3.) Plaintiff avers it is the "exclusive licensee" of the copyright, and exclusive licensees have standing to sue. *See Righthaven LLC v. Hoehn*, 716 F.3d 1166, 1169–70 (9th Cir. 2013). The Court agrees with Plaintiff on the law but cannot ignore the language of the Complaint. The Complaint alleges ownership of the copyright, which the copyright registration refutes. Thus, the Court **GRANTS** Defendants' Motion for Partial Judgment on the Pleadings with respect to Plaintiff's copyright infringement claim and **GRANTS** Plaintiff leave to amend.

## IV.   CONCLUSION

Plaintiff's Motion to Strike is **DENIED**. (ECF No. 94.). Defendants' Motion for Partial Judgment on the Pleadings is **GRANTED IN PART**. (ECF No. 96.) Plaintiff is **GRANTED** leave to amend. Plaintiff may amend its SAC only to reflect its status as the exclusive licensee of the copyright rather than the owner and may not add any new claims or other allegations. If it so chooses, Plaintiff must file a third amended complaint on or by **April 14, 2023**.

**IT IS SO ORDERED.**

**DATED: April 12, 2023**

**Hon. Cynthia Bashant
United States District Judge**

- 11 -

21cv1305