ELLIS GEORGE CIPOLLONE
O'BRIEN ANNAGUEY LLP
Keith J. Wesley (State Bar No. 229276)
  kwesley@egcfirm.com
Matthew L. Venezia (State Bar No. 313812)
  mvenezia@egcfirm.com
Lori Sambol Brody (State Bar No. 150545)
  lbrody@egcfirm.com
2121 Avenue of the Stars, 30th Floor
Los Angeles, California 90067
Telephone: (310) 274-7100
Facsimile: (310) 275-5697

Attorneys for Plaintiffs ImprimisRx, LLC and
Harrow IP, LLC

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPRIMISRX, LLC; HARROW IP, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>OSRX, INC.; OCULAR SCIENCE, INC.,<br><br>Defendants. | Case No. 3:21-CV-01305-BAS(BLM)<br><br>**THIRD AMENDED COMPLAINT FOR:**<br><br>**(1)  FALSE ADVERTISING [LANHAM ACT];**<br>**(2)  TRADEMARK INFRINGEMENT [LANHAM ACT];**<br>**(3)  FALSE DESIGNATION OF ORIGIN [LANHAM ACT];**<br>**(4)  COMMON LAW UNFAIR COMPETITION;**<br>**(5)  COPYRIGHT INFRINGEMENT;**<br>**(6)  VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW [BUS. & PROF. CODE §§17200, ET SEQ.]** |

1         Plaintiffs ImprimisRx, LLC ("ImprimisRX") and Harrow IP, LLC ("Harrow IP") –

2    collectively "Plaintiffs" – bring this Complaint against Defendants OSRX, Inc. and Ocular

3    Science, Inc. (collectively, "OSRX" or "Defendants"), and alleges as follows:

4                                **INTRODUCTION**

5         1.     The parties to this dispute are compounding pharmacies focused primarily on

6    medications used in optometry and ophthalmology.

7         2.     ImprimisRx is a pioneer in the field.  ImprimisRx has gained an extensive

8    following amongst physicians through superior products and services and by competing lawfully

9    and fairly.  ImprimisRx complies with rules and policies governing labeling, advertising, and

10   promotion of compounded medications.  ImprimisRx advertises truthfully.  ImprimisRx has

11   developed goodwill in and registered with the Patent and Trademark Office trademarks that

12   identify formulations that customers know and trust.  ImprimisRx has created and registered with

13   the Copyright Office original business forms and promotional materials.

14        3.     OSRX has attempted to duplicate ImprimisRx's business, copying formulations

15   that ImprimisRx is known for.  But rather than competing fairly through, for example, superior

16   products and services, OSRX instead has attempted to take business from ImprimisRx by cutting

17   corners and engaging in tortious conduct.  OSRX knowingly violates rules and guidance on

18   labeling, advertising, and promotion of compounded medications.  OSRX advertises in a manner

19   that is false or misleading.  OSRX knowingly and willfully infringes upon ImprimisRx's

20   trademarks.  OSRX knowingly and willfully copies ImprimisRx's copyrighted materials.

21        4.     ImprimisRx brings this lawsuit to stop OSRX from engaging in deceptive and

22   unlawful business practices, to obtain compensation for OSRX's prior deceptive and unlawful

23   conduct, and to ensure customers and patients are not harmed by OSRX's deceptive and unfair

24   tactics in the future.

25                               **PARTIES**

26        5.     Plaintiff ImprimisRx, LLC is a Delaware limited liability company with its

27   principal place of business in San Diego, California.

28        6.     Plaintiff Harrow IP, LLC is a Delaware limited liability company with its principal

place of business in Nashville, Tennessee.  Harrow IP, LLC and ImprimisRX, LLC are both subsidiaries of Harrow Health, Inc.

7.      Plaintiff is informed and believes, and thereon alleges, that defendant OSRX, Inc. is a Delaware corporation with its principal place of business in Missoula, Montana.

8.      Plaintiff is informed and believes, and thereon alleges, that defendant Ocular Science, Inc. is a Delaware corporation with its principal place of business in Manhattan Beach, California.

9.      Plaintiff is informed and believes, and thereon alleges, that OSRX, Inc. is an affiliate of Ocular Science, Inc., and that Ocular Science, Inc. directs the conduct of OSRX, Inc. that is alleged herein.

## JURISDICTION AND VENUE

10.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338 because the action arises under the federal Lanham Act and Copyright Act.  This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §§ 1367, 1338(b).

11.     Venue in this district is proper under 28 U.S.C. § 1391 because ImprimisRx maintains its principal place of business and suffered injury here.  Further, upon information and belief, the false advertisements alleged herein were directed into this district, and OSRX infringed Plaintiffs' trademarks and copyrights within this district, knowing and intending for the harm to be suffered by ImprimisRx herein.

12.     This Court has personal jurisdiction over Defendants because Ocular Science, Inc. maintains its principal place of business within California, and because OSRX directs its false advertising to customers in California, has infringed Plaintiffs' trademarks within California, and regularly markets and sells goods, including those goods at issue in this case, to customers in California, and specifically within this district.  Moreover, OSRX knew that the injury caused by its intentional torts would be suffered by ImprimisRx in California.

# GENERAL ALLEGATIONS

**A.** **ImprimisRx owns and operates compounding facilities under both Section 503A and 503B of the Drug Quality & Security Act that focus currently on medications related to the eye.**

13.     ImprimisRx, a subsidiary of Harrow Health, Inc., is a leading pharmaceutical compounding company, currently specializing in ophthalmic and optometric formulations, *i.e.*, drugs used for treatment of the eye.

14.     Pharmacy compounding is a vital alternative to the traditional FDA-approval process for drugs, filling the gaps where patients have medical needs not satisfied by FDA-approved options.

15.     For instance, in the ophthalmic space, where certain patients may have an allergy to an ingredient in an FDA-approved eye drop, a compounder may provide, pursuant to the direction of a physician, an alternative eye drop without that ingredient. Or, where a patient cannot administer multiple eye drops themselves, a compounder could provide, again pursuant to the direction of a physician, an easier-to-administer solution.

16.     Although compounded formulations are not FDA-approved, the FDA oversees the compounding industry, and the formulations are authorized under, inter alia, the Drug Quality & Security Act and related state laws.

17.     For years, ImprimisRx has been committed to delivering high-quality compounded formulations that are required to meet applicable U.S. Pharmacopeia (USP) standards.  Imprimis prepares its formulations in state-of-the-art facilities, including in an FDA-registered and FDA-inspected "503B outsourcing facility," as well as an FDA-regulated "503A facility."  ImprimisRx has invested substantial resources into each of its formulations, both on the research and development side and on the quality and preparation side.

18.     ImprimisRx's investments and efforts have resulted in the development of significant goodwill within the markets for compounded optometric and ophthalmic drugs. Physicians trust ImprimisRx to provide compounded formulations needed by patients, and both physicians and patients associate ImprimisRx with innovation, quality, and consistency.

**B.     OSRX unfairly competes with ImprimisRx by making false and misleading statements and omissions in its advertising and promotions.**

19.     OSRX's advertising and promotional materials include false and misleading statements and omissions.

20.     OSRX's advertising and promotional materials are publicly available via its website and other widely disseminated electronic and hard copy marketing materials, including brochures, catalogues and email blasts.

*Failure to Disclose Risks*

21.     OSRX's website and other marketing materials fail to disclose any information whatsoever concerning the risks or contraindications associated with its compounded drugs. Because these risks are not described, the materials do not enable a healthcare provider to make informed clinical decisions about whether the benefits of OSRX's compounded drugs outweigh the risks to their patients.

22.     These omissions further give the false impression that OSRX's compounded drugs are without side effects or risks.  Patients are used to reading the litany of warnings and contraindications when receiving and reviewing pharmaceutical marketing material.  When those warnings and contraindications are absent, this leaves a patient with the false impression that the drug is "risk-free."  Patients are then left without the opportunity to discuss and assess the risk of the drug in conjunction with their physician.

*Unapproved Indications for Certain Uses*

23.     OSRX's website and marketing materials consistently represent that its formulations are appropriate for the treatment of particular maladies and disease states.  An excerpt from OSRX's product catalogue is provided below.

| OMNI by OSRX Formulations | Concentration | Volume | Price | Category |
|---|---|---|---|---|
| Atropine Sulfate Sterile Ophthalmic Solution | 0.01% | 3.5mL | $45 | Myopia Management |
| Atropine Sulfate Sterile Ophthalmic Solution | 0.025% | 3.5mL | $45 | Myopia Management |
| Atropine Sulfate Sterile Ophthalmic Solution | 0.05% | 3.5mL | $45 | Myopia Management |
| Prednisolone Phosphate, Moxifloxacin and Bromfenac Sterile Ophthalmic Solution | 1% / 0.5% / 0.075% | 5mL 8mL | $40 $60 | Cataract and LASIK Drops |

24.     The "category" column represents that OSRX's formulations are appropriate for the treatment of certain maladies, such as myopia or cataracts, or in connection with certain procedures, like LASIK.  Other examples of categories used by OSRX include "Glaucoma Management" and "Intracameral Injection."  An indication for a drug to be used for certain purposes is a hallmark of the gold-standard FDA-approval, and making indication claims implies FDA-approval that compounded formulations do not have.

***Safe and Effective Claims***

25.     OSRX routinely represents that its drugs are safe and effective and offer a better alternative to other medications on the market, including ImprimisRx's formulations.

26.     While not exhaustive, OSRX's website makes the following claims concerning its drugs as a general matter:

- "At OSRX, we're focusing on safe, effective, and cost-efficient ways to address the needs of patients."

- "[OSRX's] adherence to strict guidelines and safety means every ophthalmic formulation we compound is simple to use, effective and affordable."

27.     OSRX makes more detailed claims concerning the safety and effectiveness of its specific formulations on its website, for instance:

- "Our OMNI intracameral injection is transparent, allowing patients to leave your operating room without the milkiness that typically occurs with other post-op intravitreal injections."

- "Studies show that a low dose of atropine, typically administered as eye drops in the evening, has the potential to significantly slow the progression of myopia in children – helping prevent severe nearsightedness."

- "In a prospective multicenter trial, the combination of timolol maleate 0.5%, brimonidine tartrate 0.2%, dorzolamide hydrochloride 2% and latanoprost 0.005% was shown to be safe and therapeutically equivalent to conventional multiple medication therapy in the context of primary open-angle glaucoma."

28. Upon information and belief, OSRX makes similar claims to those described above through other forms of marketing, including, but not limited to, in e-mail blasts and through its salespeople.

29. These claims are false or misleading because the safety and efficacy claims are not backed by appropriate clinical studies or other supportive materials. OSRX does not have any recognized basis to claim that, for example, its drugs may prevent the progression of myopia in children and prevent severe nearsightedness.

30. Given that safety and efficacy claims are a hallmark of gold-standard FDA-approval, and OSRX does not conspicuously state that its drugs are not FDA-approved, purchasers of OSRX's drugs are likely to assume mistakenly that OSRX's drugs are FDA-approved.

### 503A Compliance Claims

31. OSRX regularly advertises that it "operates in full compliance with Section 503A regarding compounded drugs as defined in the FD&C Act."

32. These claims are false and misleading because OSRX in fact regularly violates important rules for 503A pharmacies.

33. 503A pharmacies are required to only compound drugs specifically prescribed for an identified patient, and must keep records of the particular patients for whom their drugs have been compounded and prescribed.

34. In violation of this rule, OSRX allows its customers to place batch orders, where the drugs are not specifically tied to particularly identified patients, *e.g.*, standing orders for 40 bottles per month.

35. OSRX also provides its customers with free samples that are not tied to particularly identified patients, and provides its customers with what is referred to as "office stock"— additional doses to be kept in the office in case a need arises, *e.g.*, if a customer's prescription was lost and needed to be replaced in the future.

36.     In an attempt to hide its unlawful fulfilling of requests for free samples and office stock, OSRX instructs its customers to indicate that certain patients need multiple bottles, where the customers have not prescribed or asked for multiple bottles for said patients, such that the customers may receive extra doses.

**C.** **OSRX free rides off ImprimisRx, knowingly and brazenly infringing upon Plaintiffs' trademarks and copyrights.**

37.     To protect its goodwill in the relevant marketplace, the Harrow Health group of companies have  registered with the United States Patent and Trademark Office many trademarks under which its formulations are sold, including, but not limited to, the following (the "ImprimisRx Marks"):

- TIM-LAT (Registration No. 5,542,813);
- TIM-BRIM-DOR (Registration No. 5,505,057);
- TIM-BRIM-DOR-LAT (Registration No. 5,505,058);
- PRED-BROM (Registration No. 5,577,593);
- MOXI-BROM (Registration No. 6,149,792);
- PRED-KETOR (Registration No. 5,117,425);
- PRED-GATI-BROM (Registration No. 5,505,056);
- PRED-MOXI-BROM (Registration No. 6,532,490);
- PRED-MOXI (Registration No. 5,039,133);
- DEX-MOXI (Registration No. 5,131,504).

38.     Each of the ImprimisRx Marks is understood amongst an appreciable number of physician customers within the markets for optometric and ophthalmic compounded drugs to designate ImprimisRx as the source of the products bearing the mark.

39.     Harrow IP, LLC is the owner of the aforementioned trademark registrations, and ImprimisRx is the exclusive licensee of the ImprimisRx Marks and owns the right and ability both to use and to protect against infringement each of the marks.

40.     OSRX, without authorization, uses each of the ImprimisRx Marks in connection with its sale of compounded formulations that compete in the market with ImprimisRx's

1  formulations.

2      41.    OSRX's use of the ImprimisRx Marks is likely to cause confusion, given that

3  OSRX sells the same compounded formulations as ImprimisRx, in the same market, using copies

4  of the ImprimisRx Marks.  Upon information and belief, physician customers encountering

5  OSRX's use of the ImprimisRx Marks mistakenly believe that OSRX offers the same formulations

6  as ImprimisRx, or in other words, that OSRX's formulations originate from, are sponsored or

7  endorsed by, or affiliated with ImprimisRx.

8      42.    Some examples captured from OSRX's website showing OSRX's use of copies of

9  the ImprimisRx Marks are provided below. Upon information and belief, OSRX has made similar

10  use of the ImprimisRx Marks in additional marketing materials.





1
2
3
4
5
6
7
8
9
10



11    43.    Similarly, OSRX's sales staff uses each of the ImprimisRx Marks in

12 correspondence with targeted potential customers. One example of such correspondence is

13 provided below.

14

Hi John,

15 OSRX is excited to now offer **Pred-Moxi-Brom** (5mL & 8mL), **Pred-Moxi** (5mL), and **Moxi-Brom** (5mL) for post-op cataract and LASIK care.

16 As an existing OSRX customer, would you like me to help you smoothly transition to these larger-fill moxifloxacin formulations while retaining your current pricing? I am happy to assist with updating your patient info sheets,

17 walking you through the ordering process, and more.

Just reply to this email and we can get started.

18 Sincerely,
Traci Inman

19

20    TRACI INMAN    469.744.0969 | tainman@osrxpharmaceuticals.com    OSRX
       Central Sr. Sales Director    OSRX, INC. | 1120 KENSINGTON AVE. | SUITE E | MISSOULA | MT 59801 | OSRXPHARMACEUTICALS.COM

21

22    44.    OSRX has also infringed upon Plaintiffs' copyrights in, for example, order forms

23 for its products.  Below is a comparison of the copyrighted ImprimisRx order form and the OSRX

24 copy.  Upon information and belief, OSRX has infringed upon additional copyrights of Plaintiffs

25 as well.

26
27
28

## FIRST CAUSE OF ACTION

### (False Advertising [Lanham Act § 43(a)])

45.     Plaintiff re-alleges and incorporates herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 44 above.

46.     OSRX has made the above-described false statements in its commercial advertisements.  Specifically, OSRX's statements concerning the indications for, and safety and efficacy of, its drugs are literally false.

47.     OSRX has further misleadingly failed to disclose the risks associated with its drugs in its commercial advertisements.

48.     The aforementioned false statements and omissions have the tendency to deceive customers for optometric and ophthalmic drugs into believing that OSRX complies with FDA-requirements for 503A pharmacies, that OSRX's drugs are FDA-approved, that the FDA has reviewed or approved of the safety and efficacy claims, and that OSRX's drugs do not carry the risks which are undisclosed by OSRX.  Upon information and belief, customers for optometric and ophthalmic drugs have been so deceived.

49.     This deception is material in that it is likely to cause customers for optometric and ophthalmic drugs to purchase OSRX's drugs, as opposed to those sold by ImprimisRx.

50.     OSRX made each of the challenged statements in interstate commerce.

51.     ImprimisRx has been damaged by OSRX's false advertising, and OSRX has been unjustly enriched by its false advertising because, upon information and belief, OSRX's false advertising has caused customers to purchase OSRX's drugs, as opposed to those sold by ImprimisRx, in amounts to be established according to proof.

52.     Unless restrained by the Court, OSRX will continue to falsely advertise its products. Pecuniary compensation alone will not afford ImprimisRx adequate relief for the damage to its business. In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived by OSRX's false advertising.

53.     OSRX's acts were committed, and continue to be committed, knowingly and with the intent to cause confusion, to cause mistake, and/or to deceive. ImprimisRx is, therefore, entitled to recover three times its actual damages or three times OSRX's profits, whichever is greater, together with its attorneys' fees and costs.

## SECOND CAUSE OF ACTION

### (Trademark Infringement in Violation of Lanham Act)

54.     Plaintiffs re-allege and incorporate herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 53 above.

55.     Harrow IP owns the ImprimisRx Marks, and ImprimisRx is the exclusive licensee of the ImprimisRx Marks and has the exclusive right to use and enforce the ImprmisRx Marks.

56.     The ImprimisRx Marks are valid, protectable marks. The ImprimisRx Marks have gained secondary meaning through substantial sales and advertising in the markets for optometric and ophthalmic compounded drugs.

57.     OSRX is deliberately using the ImprimisRx Marks in advertisements and in connection with its sale of the same compounded drugs that ImprimisRx developed and sells using the ImprimisRx Marks.

58.     OSRX's use of the ImprimisRx Marks is likely to cause confusion among ordinary

purchasers as to the source, affiliation, or sponsorship of the goods.

59.     Plaintiffs have never consented to OSRX's use of the trademarks.

60.     OSRX infringed upon the ImprimisRx Marks and engaged in trademark counterfeiting willfully.

61.     As a proximate result of the unfair advantage accruing to OSRX from using confusingly similar marks and deceptively trading on Plaintiffs' goodwill, OSRX has made substantial sales and profits in amounts to be established according to proof.

62.     As a proximate result of the unfair advantage accruing to OSRX from using similar or quasi-similar marks and deceptively trading on Plaintiffs' goodwill, Plaintiffs have been damaged and deprived of substantial sales and have been deprived of the value of its trademarks as commercial assets, in amounts to be established according to proof.

63.     Unless restrained by the Court, OSRX will continue to infringe ImprimisRx's trademarks. Pecuniary compensation will not afford Plaintiffs adequate relief for the damage to their trademarks and brand. In the absence of injunctive relief, consumers are likely to continue to be mistaken or deceived as to the true source, origin, sponsorship, and affiliation of OSRX's compounded drugs.

64.     OSRX's acts were committed, and continue to be committed, with actual notice of Plaintiffs' exclusive rights and with the intent to cause confusion, to cause mistake, and/or to deceive, and to cause injury to the reputation and goodwill associated with Plaintiffs and their products. Pursuant to 15 U.S.C. section 1117, Plaintiffs are, therefore, entitled to recover three times their actual damages or three times OSRX's profits, whichever is greater, together with their attorneys' fees. In addition, pursuant to 15 U.S.C. section 1118, Plaintiffs are entitled to an order requiring destruction of all infringing products and promotional materials in OSRX's possession.

## THIRD CAUSE OF ACTION

### (False Designation of Origin in Violation of Lanham Act)

65.     Plaintiff re-alleges and incorporates herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 64 above.

66.     The ImprimisRx Marks are inherently distinctive and have also acquired secondary

1   meaning through extensive promotion and sales.

2        67.     OSRX is using the ImprimisRx Marks in advertisements and in connection with its

3   sale of the same compounded drugs that ImprimisRx developed and sells using the ImprimisRx

4   Marks.

5        68.     OSRX's use of the ImprimisRx Marks is likely to cause confusion among ordinary

6   purchasers as to the source, affiliation, or sponsorship of the goods.

7        69.     ImprimisRx has never consented to OSRX's use of its trademarks.

8        70.     OSRX infringed, and continues to infringe, the ImprimisRx Marks willfully.

9        71.     As a proximate result of the unfair advantage accruing to OSRX from using similar

10  or quasi-similar marks and deceptively trading on ImprimisRx's goodwill, OSRX has made

11  substantial sales and profits in amounts to be established according to proof.

12       72.     As a proximate result of the unfair advantage accruing to OSRX from using

13  confusingly similar marks and deceptively trading on ImprimisRx's goodwill, ImprimisRx has

14  been damaged and deprived of substantial sales and has been deprived of the value of its

15  trademarks as commercial assets, in amounts to be established according to proof.

16       73.     Unless restrained by the Court, OSRX will continue to infringe ImprimisRx's

17  trademarks. Pecuniary compensation will not afford ImprimisRx adequate relief for the damage to

18  its trademarks and brand. In the absence of injunctive relief, consumers are likely to continue to be

19  mistaken or deceived as to the true source, origin, sponsorship, and affiliation of OSRX's

20  compounded drugs.

21       74.     OSRX's acts were committed, and continue to be committed, with actual notice of

22  ImprimisRx's exclusive rights and with the intent to cause confusion, to cause mistake, and/or to

23  deceive, and to cause injury to the reputation and goodwill associated with Plaintiff and its

24  products. Pursuant to 15 U.S.C. section 1117, ImprimisRx is, therefore, entitled to recover three

25  times its actual damages or three times OSRX's profits, whichever is greater, together with its

26  attorneys' fees. In addition, pursuant to 15 U.S.C. section 1118, ImprimisRx is entitled to an order

27  requiring destruction of all infringing products and promotional materials in OSRX's possession.

28

1

**FOURTH CAUSE OF ACTION**

2

**(Common Law Unfair Competition)**

3      75.     Plaintiff re-alleges and incorporates herein by reference, as though set forth in full,

4   each of the allegations set forth in paragraphs 1 through 74 above.

5      76.     OSRX's unauthorized use of ImprimisRx's trademarks is likely to cause consumer

6   confusion as to the source, origin, sponsorship, and association of OSRX's products.

7      77.     ImprimisRx has been, and will continue to be, damaged and irreparably harmed by

8   the actions of OSRX unless OSRX is enjoined by this Court.

9      78.     ImprimisRx has no adequate remedy at law.

10     79.     ImprimisRx is entitled to recover damages and/or OSRX's profits in an amount to

11  be determined at trial.

12     80.     ImprimisRx is informed and believes, and thereon alleges, that OSRX committed

13  the foregoing acts with the intention of depriving ImprimisRx of its legal rights, with oppression,

14  fraud, and/or malice, and in conscious disregard of ImprimisRx's rights. ImprimisRx is, therefore,

15  entitled to an award of exemplary and punitive damages, according to proof.

16

**FIFTH CAUSE OF ACTION**

17

**(Copyright Infringement)**

18     81.     Plaintiffs re-allege and incorporate herein by reference, as though set forth in full,

19  each of the allegations set forth in paragraphs 1 through 80 above.

20     82.     ImprimisRx is the exclusive licensee to the copyright in its Order Form, which is

21  registered with the U.S. Copyright Office effective July 8, 2021.  Specifically, the copyright

22  registration is owned by Harrow IP, LLC, and pursuant to a written license agreement,

23  ImprimisRx, LLC is the exclusive licensee to the copyright in the Order Form.

24     83.     OSRX copied the Order Form without permission and thus infringed upon

25  ImprimisRx's copyright.

26     84.     Plaintiffs have been, and will continue to be, damaged and irreparably harmed by

27  the copyright infringement of OSRX unless OSRX is enjoined by this Court.

28     85.     Plaintiffs have no adequate remedy at law.

86.     Plaintiffs are entitled to recover damages and/or OSRX's profits in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

**(Violation of California's Unfair Competition Law [Cal. Bus. & Prof. Code § 17200 et seq.])**

87.     Plaintiff re-alleges and incorporates herein by reference, as though set forth in full, each of the allegations set forth in paragraphs 1 through 86 above.

88.     OSRX has committed acts of unfair competition, as defined by California Business and Professions Code § 17200, by making false and misleading statements and infringing upon ImprimisRx's trademarks and copyrights.

89.     ImprimisRx has suffered an injury as a direct and proximate result of OSRX's unfair and unlawful conduct because, upon information and belief, OSRX's unlawful acts have caused customers to purchase OSRX's drugs, as opposed to those sold by ImprimisRx, in amounts to be established according to proof.

90.     Upon information and belief, the above-described unlawful acts are directed to customers within California, and intended to harm ImprimisRx within California.

91.     ImprimisRx is without an adequate remedy at law.  OSRX's unlawful conduct is ongoing and will continue absent injunctive relief, causing continued economic and intangible harms to ImprimisRx.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief against OSRX as follows:

1.     For preliminary and permanent injunctions enjoining and restraining OSRX, its agents, employees, representatives, partners, joint venturers, and/or anyone acting on behalf of, or in concert with OSRX, from:

      a.     using any of the ImprimisRx Marks in any fashion in connection with the advertising, offering for sale, or sale of OSRX's drug products;

      b.     engaging in any of the types of false and unlawful advertising described herein;

      c.     infringing upon Plaintiffs' copyrights.

1    2.    For an order requiring the destruction of all of OSRX's infringing products and all

2    marketing, advertising, or promotional materials using the ImprimisRx Marks or copyrights;

3    3.    For an accounting of all profits obtained by OSRX from sales of the infringing

4    products and an order that OSRX hold all such profits in a constructive trust for the benefit of

5    Plaintiffs;

6    4.    For an accounting of all profits obtained by OSRX as a result of OSRX's false

7    advertisements and an order that OSRX hold all such profits in a constructive trust for the benefit

8    of ImprimisRx;

9    5.    For an award to Plaintiffs of all profits earned by OSRX from their infringing acts

10   according to proof, but by no means less than $1 million;

11   6.    For an award to ImprimisRx of all profits earned by OSRX as a result of their false

12   advertisements according to proof, but by no means less than $1 million;

13   7.    For compensatory damages according to proof, but by no means less than $1

14   million;

15   8.    For statutory damages under the Lanham Act of $1,000-200,000 per mark

16   registered on the Principal Register and up to $2 million per mark registered on the Principal

17   Register in the case of willful counterfeiting.

18   9.    For punitive damages in an amount according to proof;

19   10.   For pre-judgment interest on all damages awarded by this Court;

20   11.   For reasonable attorneys' fees and costs of suit incurred herein; and

21   12.   For such other and further relief as the Court deems just and proper.

22

23

24

25

26

27

28

1    DATED:  April 14, 2023              ELLIS GEORGE CIPOLLONE
                                         O'BRIEN ANNAGUEY LLP
2                                            Keith J. Wesley
                                             Matthew L. Venezia
3                                            Lori Sambol Brody

4

5
                                    By:        /s/ Keith J. Wesley
6                                            Keith J. Wesley
                                    Attorneys for Plaintiff ImprimisRx, LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **DEMAND FOR JURY TRIAL**

2

       Plaintiff hereby demands a jury trial as provided by Rule 38(a) of the Federal Rules of

3

Civil Procedure.

4

5

DATED:  April 14, 2023            ELLIS GEORGE CIPOLLONE

O'BRIEN ANNAGUEY LLP

6

                Keith J. Wesley

7

                Matthew L. Venezia

                Lori Sambol Brody

8

9

                By:      */s/ Keith J. Wesley*

10

                        Keith J. Wesley

        Attorneys for Plaintiff ImprimisRx, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28