# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPRIMISRX, LLC; HARROW IP, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>OSRX, INC.; OCULAR SCIENCE, INC.,<br><br>Defendants. | Case No. 21-cv-01305-BAS-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO STRIKE (ECF No. 151);**<br><br>**(2) DENYING PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE TO FILE SEPARATE STATEMENT OF UNDISPUTED FACTS (ECF No. 216); AND**<br><br>**(3) DENYING DEFENDANTS' *EX PARTE* MOTION FOR LEAVE TO FILE SEPARATE STATEMENT OF UNDISPUTED FACTS (ECF No. 223)** |

1    Before the Court is Defendants' motion to strike. (ECF No. 151.) On April 12, 2023, the Court issued an Order (1) denying Plaintiff ImprimisRx's motion to strike and (2) granting in part Defendants' motion for partial judgment on the pleadings. (ECF No. 144.) The Court granted Plaintiff ImprimisRx leave to amend its Second Amended Complaint "only to reflect its status as the exclusive licensee of the copyright rather than the owner" and stipulated that Plaintiff ImprimisRx "may not add any new claims or other allegations." (*Id.* at 11.) Plaintiff ImprimisRx then filed its Third Amended Complaint (ECF No. 145), which includes amendments that exceed the scope of the Court's narrow leave to amend. Plaintiff ImprimisRx added a new party, Harrow IP, LLC, and new allegations regarding the ownership of the trademarks at issue in this case. Previously, the Court retroactively granted Defendants leave to amend their pleadings, despite procedural defects in their amendments under the Federal Rules of Civil Procedure. (ECF No. 144.) But here, Plaintiff ImprimisRx's amendment not only flouts the Federal Rules of Civil Procedure, but also defies the Court's plain instructions. Accordingly, Defendants' Motion to Strike is **GRANTED**. (ECF No. 151.) All new allegations except those regarding Plaintiff ImprimisRx's status as exclusive licensee are stricken from the Third Amended Complaint. The Court **TERMINATES** Harrow IP, LLC as a party to this action.

Also before the Court are the parties' *ex parte* motions for leave to file separate statements of undisputed facts. (ECF Nos. 216, 223.) This Court's Standing Order stipulates (1) for a motion for summary judgment, a joint statement of undisputed facts must be filed no later than the reply brief and (2) separate statements of undisputed facts are not allowed without leave of the Court. Here, the parties were unable to file a timely joint statement of undisputed facts. Plaintiff ImprimisRx accuses Defendants of bad faith negotiating (ECF No. 216 at 3), which Defendants deny (Martin Decl. ¶¶ 2–11, ECF No. 223-1). The Court will not consider any motion for summary judgment that does not comply with the Court's rules regarding joint statements of undisputed facts. Accordingly, the Court **DENIES** both *ex parte* motions for leave to file separate statements of undisputed facts. (ECF Nos. 216, 223.) The Court also **TERMINATES AS MOOT** the parties'

motions to file under seal portions of their *ex parte* motions for leave to file separate statements of undisputed facts. (ECF Nos. 214, 221.)

The Court further **ORDERS** the parties to meet and confer regarding a joint statement of undisputed facts on or before August 4, 2023 and **ORDERS** the parties to file a joint statement of undisputed facts on or before August 11, 2023.

**IT IS SO ORDERED.**

**DATED: August 2, 2023**

Hon. Cynthia Bashant
United States District Judge