# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPRIMISRX, LLC,<br><br>                      Plaintiff,<br><br>v.<br><br>OSRX, INC.; OCULAR SCIENCE, INC.,<br><br>                      Defendants. | Case No. 21-cv-01305-BAS-DDL<br><br>**ORDER:**<br>**(1) DENYING MOTION TO SEAL DOCUMENTS IN SUPPORT OF DEFENDANTS'** *DAUBERT* **MOTION (ECF No. 164)**<br><br>**AND**<br><br>**(2) GRANTING IN PART AND DENYING IN PART MOTION TO SEAL DOCUMENTS IN SUPPORT OF PLAINTIFF's** *DAUBERT* **MOTION (ECF Nos. 172, 193)** |

      Before the Court are three motions by the parties to file documents under seal. (ECF Nos. 164, 172, 193.) Defendants OSRX, Inc. and Ocular Science, Inc. filed a motion to seal documents (ECF No. 164) in support of their *Daubert* Motion to Exclude Plaintiff's Experts. (ECF No. 166.) Plaintiff ImprimisRx, LLC filed two motions (ECF Nos. 172, 193) to file documents under seal in support of its *Daubert* Motion to Exclude Defendant's Expert. (ECF No. 174.) All three motions to seal are unopposed. For the reasons stated below, the Court **DENIES WITHOUT PREJUDICE** Defendants' motion to seal (ECF

No. 164) and **GRANTS IN PART AND DENIES IN PART** Plaintiff's motions to seal (ECF Nos. 172, 193.)

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. Evidentiary motions, including *Daubert* motions, are often "strongly correlative to the merits of the case" and warrant the application of the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote

1  public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447
2  F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been
3  willing to seal court filings containing confidential business material, "such as marketing
4  strategies, product development plans, licensing agreements, and profit, cost, and margin
5  data," where the parties have been able to point to concrete factual information to justify
6  sealing. *See, e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5
7  (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may
8  lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not,
9  without more, compel the court to seal its records." *Kamakana*, 447 at 1179. A blanket
10 protective order is not itself sufficient to show "good cause," let alone compelling reasons,
11 for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News,*
12 *Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to
13 seal documents is "one best left to the sound discretion of the trial court" upon
14 consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435
15 U.S. at 599.

16    In addition, parties moving to seal documents must comply with the procedures set
17 forth in this Court's standing order for filing documents under seal. *See* Standing Order of
18 the Hon. Cynthia Bashant for Civil Cases ¶5. The rule permits sealing to "only those
19 documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus,
20 although sometimes it may be appropriate to seal a document in its entirety, whenever
21 possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for
22 redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo*
23 *Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012)
24 (denying motion to seal exhibits but directing parties to redact confidential information).

25 **II.   ANALYSIS**

26    **A.   Defendants' Motion to Seal**

27    In their motion to seal, Defendants seek leave to file under seal the Expert Report of
28 Robert Wunderlich ("Wunderlich Report") and portions of the deposition transcript of

Robert Wunderlich ("Wunderlich Deposition") in support of their *Daubert* Motion to Exclude Plaintiff's experts. (ECF No. 164.) Specifically, Defendants seek leave to file the entirety of the Wunderlich Report and pages 18–23, 38–41, 43, 49–54, 56–60, 64–66, 68–70, 74–76, 78–79 of the Wunderlich Deposition under seal. (*Id.*)

Defendants' *Daubert* motion is more than tangentially related to the merits of the underlying dispute. *Ctr. for Auto Safety*, 809 F.3d at 1099. Therefore, their motion to seal is subject to the "compelling reasons" standard. In support of the motion to seal, Defendants argue that because they are privately held and the Wunderlich Report contains revenue and cost of goods sold information for OSRX, the Report should be confidential "to maintain competitive advantages in the market." (ECF No. 164 at 3.) A privately held business's need for confidentiality with respect to sensitive business information is a compelling reason justifying sealing. *See, e.g.*, Cohen, 2016 WL 3036302, at *5.

While portions of the Wunderlich Report, such as the report's exhibits, may contain confidential and sensitive business information, the request to file the entire Wunderlich Report under seal is not sufficiently tailored to protect the interests involved. Significant portions of the Report including its methodology and its assumptions do not contain sensitive information. Accordingly, Defendants' request to seal the report in its entirety, rather than redact particular portions, is denied.

With respect to the portions of the Wunderlich Deposition, Defendants seek leave to file pages 18–23, 38–41, 43, 49–54, 56–60, 64–66, 68–70, 74–76, 78–79 under seal. As with the Wunderlich Report, the Court finds that Defendants satisfy the compelling reasons test for only part of this set and have not sufficiently tailored their request to seal to only portions of the deposition that contain confidential business information. In specific, the Court finds pages 49–54, 56–60, 64–66, 78–79 contain confidential business material such as revenue and profit data and internal evaluations of the market that might harm OSRX's competitive standing. The remaining portions of the Wunderlich Deposition, however, do not contain information that could be deemed confidential or information that would be harmful to its competitive standing. Because Defendants do not attempt to redact only

sections of the Wunderlich Deposition which contain competitively sensitive information, their motion is insufficiently tailored. The Court anticipates that applying redactions to the Wunderlich Report and Wunderlich Deposition may appropriately tailor the information to be sealed.

Accordingly, Defendants motion to seal is **DENIED**.

### B. Plaintiff's Motions to Seal

Attached to its *Daubert* Motion to Exclude Defendants' Expert, Plaintiff moves to seal portions of its *Daubert* Motion, the expert report of Dr. Alyson Wooten ("Wooten Report"), and portions of the deposition of Dr. Alyson Wooten ("Wooten Deposition") that contain references to OSRX's prescription dispensing log. (ECF No. 172.) Additionally, Plaintiff moves to seal portions of its Reply in Support of its *Daubert* Motion that reference OSRX's dispensing log. (ECF No. 193.) The Court considers these motions together.

While Defendants purport that the proper standard for evaluating these motions is "good cause," *Daubert* motions in connection with a motion for summary judgment are more than tangentially related to the merits of the underlying case. *Ctr. for Auto Safety*, 809 F.3d at 1099. Accordingly, Plaintiff's motions to seal are subject to the "compelling reasons" standard.

In support of Plaintiff's motion to seal, Defendants contend the documents contain personal health information including "patient names, dates of birth, contact, information, and drug records." (ECF No. 185.) Courts have repeatedly held the need to keep personal health information confidential outweighs the presumption in favor of public access. *See, e.g.*, *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011); *Stafford v. Rite Aid Corp.*, No. 17-CV-1340-AJB-JLB, 2019 WL 3818015, at *1 (S.D. Cal. Aug. 14, 2019). Defendants also claim the documents to be filed under seal "contain sensitive business information related to Defendants' customers – which Defendants' [sic] do not share publicly." (*Id.*) This category of information includes the annual number of OSRX prescriptions, shipping preferences, and product quantity dispensed. (ECF No. 201.) This sort of business

information, if available to competitors, could harm OSRX's competitiveness in the market. Courts have previously held competitively sensitive business information meets the compelling reasons standard. *See, e.g.*, Cohen, 2016 WL 3036302, at *5.

With respect to its *Daubert* Motion, the Court finds Plaintiff has sufficiently tailored its redactions to information that contains sensitive business information. The dosage and prescription amounts discussed in the *Daubert* Motion, if disclosed, may affect OSRX's ability to compete in the market. The Court also finds the same to be true for Plaintiff's Reply in Support of its *Daubert* Motion. And the Court finds the redactions of the Wooten Deposition relate to competitively sensitive information or personal health information.

With respect to the Wooten Report, however, Plaintiff's request to seal is not sufficiently tailored to protect the interests involved. While portions of the Wooten Report contain sensitive business information or sensitive health information, the blanket request to file the entire report under seal is insufficiently tailored to overcome the strong presumption of access under the First Amendment. Compelling reasons do not exist to seal the Wooten Report in its entirety, but the Court anticipates that applying redactions may be more appropriate.

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's motion to seal.

### III. CONCLUSION

Based on the foregoing, the Court:

(1) **DENIES** Defendants' request to file documents under seal in ECF No. 164. The Clerk of the Court is not directed to file any documents under seal at this time; and

(2) **GRANTS IN PART, DENIES IN PART** Plaintiff's request to file documents under seal in ECF No. 172. The Clerk of the Court is directed to file the following documents under seal: Plaintiff's *Daubert* Motion to Exclude Defendants' Expert (ECF No. 173) and Plaintiff's Reply in Support of Plaintiff's *Daubert* Motion to Exclude Defendants' Expert (ECF No. 194).

If Plaintiff or Defendants wish to file a renewed motion to seal for the denied requests, they may do so no later than **October 31, 2023** after the issuance of this order. Otherwise, Plaintiff and Defendants are instructed to file the unredacted versions of the aforementioned documents as directed by the Court in this Order on the public docket no later than **November 3, 2023** after the issuance of this order. When filing the documents on the public docket, the parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual.

**IT IS SO ORDERED.**

**DATED: October 24, 2023**

Hon. Cynthia Bashant
United States District Judge