1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

IMPRIMISRX, LLC,

Plaintiff,

v.

OSRX, INC.; OCULAR SCIENCE, INC.,

Defendants.

Case No. 21-cv-01305-BAS-DDL

**ORDER:**
**(1) GRANTING IN PART AND DENYING IN PART MOTIONS TO SEAL MOTION FOR PARTIAL SUMMARY JUDGMENT AND RESPONSE (ECF Nos. 169, 202);**

**AND**

**(2) GRANTING MOTION TO SEAL OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT AND REPLY (ECF Nos. 205, 217)**

Before the Court are four motions by the parties to file documents under seal. (ECF Nos. 169, 202, 205, 217.) Plaintiff ImprimisRx, LLC seeks leave to file under seal portions of its Motion for Partial Summary Judgment (ECF No. 169), its Response to Defendants' Motion for Partial Summary Judgment, (ECF No. 202), and its Reply in Support of Plaintiff's Motion for Partial Summary Judgment. (ECF No. 217.) Defendants OSRX,

Inc. and Ocular Science, Inc. seek leave to file under seal portions of their Opposition to Plaintiff's Motion for Partial Summary Judgment. (ECF No. 205.) All four motions to seal are unopposed. For the reasons stated below, the Court **GRANTS IN PART** and **DENIES IN PART** the motions to seal Plaintiff's Motion for Partial Summary Judgment and Response to Defendants' Motion for Partial Summary Judgment (ECF Nos. 169, 202), **GRANTS** Plaintiff's motion to seal Plaintiff's Reply in Support of its Motion for Partial Summary Judgment (ECF No. 217), and **GRANTS** Defendants' motion to seal their Opposition to Plaintiff's Motion for Partial Summary Judgment (ECF No. 205).

## I.   LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.* Motions for

summary judgment are dispositive and command the "compelling reasons" standard. *Kamakana*, 447 F.3d at 1180.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 at 1179. A blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's standing order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶5. The rule permits sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo*

21cv1305

1   *Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012)

2   (denying motion to seal exhibits but directing parties to redact confidential information).

3   **II.   ANALYSIS**

4       Plaintiff's and Defendants' motions to seal are all filed in connection with their

5   associated motions for partial summary judgment.  Because a motion for partial summary

6   judgment is more than tangentially related to the merits of the underlying dispute, their

7   motions to seal are subject to the "compelling reasons" standard. *Kamakana*, 447 F.3d at

8   1180.  The Court reviews each motion in light of this standard and for whether the motion

9   to seal is sufficiently tailored.

10      **A.   Plaintiff's Motion to Seal in Connection with Plaintiff's Motion for**

11          **Summary Judgment (ECF No. 169)**

12      In its motion to seal, Plaintiff seek leave to file under seal portions of its Motion for

13  Partial Summary Judgment.  (ECF No. 170.)  Specifically, Plaintiff seek leave to file under

14  seal: redactions from Plaintiff's Motion for Partial Summary Judgment; Exhibits 10–12,

15  14–15, and 21–55 attached to the Motion; portions of the deposition of Dr. Damien

16  Goldberg ("Goldberg Deposition"); portions of the deposition of Traci Inman ("Inman

17  Deposition"); portions of the deposition of France Vaccari ("Vaccari Deposition");

18  portions of the deposition of Eric Garner ("Garner Deposition"); portions of the deposition

19  of Amy Frost ("Frost Deposition"); portions of the deposition of Andreas Groehn ("Groehn

20  Deposition"); portions of the deposition of Matthew Gee ("Gee Deposition"); and portions

21  of the deposition of Anthony Sampietro ("Sampietro Deposition").  (ECF No. 169-2.)

22      Plaintiff does not offer a reason in support of its motion to seal apart from the fact

23  the documents were designated "Confidential" and "Confidential – Attorney Eyes Only"

24  under the protective order.  (ECF No. 169.)  This justification alone is insufficient.

25  *Kamakana*, 447 F.3d at 1183.

26      In support of Plaintiff's motion to seal, Defendants contend portions of Plaintiff's

27  Motion for Partial Summary Judgment contain confidential business information and

28  private medical information.  (ECF No. 184.)  Courts have repeatedly held the need to keep

personal health information confidential outweighs the presumption in favor of public access. *See, e.g.*, *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011); *Stafford v. Rite Aid Corp.*, No. 17-CV-1340-AJB-JLB, 2019 WL 3818015, at *1 (S.D. Cal. Aug. 14, 2019). Other courts have previously held that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the compelling reasons standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *Jam Cellars, Inc. v. Wine Group, LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020). The Court reviews Plaintiff's Motion in light of the reasons offered and for whether the Motion is adequately tailored to the interests represented.

### 1.    Plaintiff's Motion for Partial Summary Judgment

Plaintiff seeks to file under seal redactions from its Motion for Partial Summary Judgment (ECF No. 170.) These redactions fall into a few categories each meriting being filed under seal. First, Plaintiff seeks to redact quotes from exhibits related to how OSRX viewed its market competition and future business planning. (ECF No. 170 at 10, 11, 23, 27, 29.) Future business planning and competitive strategy are quintessential business information that may harm a firm's competitive standing if disclosed to the public. *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012); *BBK Tobacco & Foods LLP v. Cent. Coast Agric. Inc.*, No. CV-19-05216-PHX-MTL, 2021 WL 5578864, at *4 (D. Ariz. Nov. 29, 2021). Second, Plaintiff seeks to redact internal discussions related to how OSRX pitches potential customers and engages in contract negotiations. (ECF No. 170 at 11–12, 16–20.) A firm's confidential contract negotiations meet the standard for compelling reasons. *See, e.g.*, *Microsoft Corp.*, 2012 WL 5476846, at *5. Finally, Plaintiff seeks to redact portions of its Motion that discuss OSRX's dosing schedule. (ECF No. 170 at 12–16, 19–20.) OSRX's dosing schedule provides insight into the annual number of OSRX prescriptions, pricing, and quantity dispensed which may harm OSRX's ability to compete. Courts have previously

held this sort of sensitive business information meets the compelling reasons standard. *See, e.g.*, Cohen, 2016 WL 3036302, at *5.

Accordingly, the Court grants Plaintiff's motion with respect to this document.

**2.     Plaintiff's Exhibits in Support of Motion for Partial Summary Judgment**

Plaintiff seeks to file certain exhibits attached to its Motion for Partial Summary Judgment under seal.  Specifically, Plaintiff seeks to file Exhibits 10–12, 14–15, 21–55 under seal.

<ins>i.     Discussions of Dosing Schedules: Exhibits 10, 26, 28, 35, and 38</ins>

Plaintiff seeks to file under seal exhibits related to Defendants' dosing schedules for various ophthalmological products.  Exhibit 10 is an email with attachments that discuss the dosing schedule for various OSRX products.  (ECF No. 170-1 at 257.)  Exhibits 26, 28, 35, and 38 are emails that discuss the purchase process and dose amounts per patient.  (ECF No. 170-2 at 105, 113, 146; ECF No. 170-3 at 20.)  As discussed, the Court agrees that documents discussing Defendants' dosing schedule present a compelling reason to be filed under seal.

Accordingly, the Court grants Plaintiff's motion to seal these documents.

<ins>ii.     Contract Negotiations and Pricing: Exhibits 11, 21–23, 27, 29– 34, 36, 37, 39–51, and 54</ins>

Plaintiff seeks to file under seal exhibits that contain Defendants' sales leads, contract negotiations, or pricing information.  Exhibit 11 is an email that identifies who Defendants considered their largest competition and includes proposed pricing and negotiations by Plaintiff.  (ECF No. 170-1 at 265–66.)  Exhibits 21–23, 27, 29–34, 36, 37, 39–51, and 54 are sales leads for potential new customers that include discussions of pricing, customer business needs, purchasing requirements, shipping information, and other contract details.  (ECF No. 170-2 at 28, 33, 37, 109, 117, 122, 127, 130, 135, 139; ECF No. 170-3 at 11, 15, 24, 34, 37, 42, 46, 50, 53, 56, 62, 70, 73, 76, 83.)  As discussed, other courts have previously held sales leads and contract negotiations present compelling

reasons to be filed under seal. *See e.g., Rydman v. Champion Petfoods, USA Inc.*, No. 2:18-CV-01578-TL, 2023 WL 2711837, at *2 (W.D. Wash. Mar. 30, 2023) *and Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *5 (N.D. Cal. Mar. 17, 2017).

Accordingly, the Court grants Plaintiff's motion to seal these documents.

### iii.   Prior Product Offerings and Strategy Presentations: Exhibits 12, 14

Plaintiff seeks to file under seal two exhibits that were Defendants' prior product offerings and strategy presentations.  Exhibit 12 is an email that includes a strategy presentation given by Defendants in 2014. (ECF No. 170-1 at 269.)  While the presentation may include forward-looking business planning and strategy from 2014, the information does not appear to be sensitive in the present day.  Much of the information from the presentation has been recycled in other presentations that are able to be accessed via the internet.  Exhibit 14 is a copy of the ophthalmic formulations catalog offered by Defendants provided as reference material to potential new customers.  (ECF No. 170-1 at 294.)  This information is available to the public through sales channels and does not appear to be the present product offerings by Defendants.  Because the information in these documents is not currently relevant to Defendants' market standing or is publicly accessible, the Court does not find a compelling reason to seal these exhibits.

Accordingly, the Court denies Plaintiff's motion to seal these documents.

### iv.   Recent Strategy Presentation: Exhibits 15, 25

In contrast to the older strategy presentation from 2014, Exhibit 15 is a copy of Defendant Ocular Science's October 2019 investment overview and strategy presentation (ECF No. 170 at 321.)   The presentation contains forward-looking business projections and business planning that may contain confidential information relevant to today.  The presentation is consistently marked confidential and does not appear to be publicly available.  Exhibit 25 is a company and investment overview for Defendant OSRX that contains financial projections and identifies who OSRX considers its primary competitors in the market.  (ECF No. 170-2 at 93.)   Courts have consistently found confidential,

forward-looking business strategy presents a compelling reason to seal. *See, e.g., Jam Cellars, Inc.*, 2020 WL 5576346, at *2; *Microsoft Corp.*, 2012 WL 5476846, at *4. Because the type of information in this presentation may harm Defendant's competitive standing in the market, the Court finds Plaintiff has alleged compelling reasons to seal the exhibits.

Accordingly, the Court grants Plaintiff's motion to seal these documents.

v.   Expert Report of Dr. Andreas Groehn: Exhibit 24

Plaintiff seeks to file the Rebuttal Report of Dr. Andreas Groehn ("Groehn Report") under seal as Exhibit 24 to Plaintiff's Motion for Partial Summary Judgment.  (ECF No. 170-2 at 42.)   While portions of the Groehn Report may contain confidential business information, most of the report is in response to the expert report of Sara Butler which surveyed various populations about whether the terms registered as trademarks were brand names or common names.  This sort of study does not present information that would harm Plaintiff's or Defendants' competitive standing.   While designated confidential, mere designation as "confidential" or "for attorneys' eyes only" a discovery protective order for does not provide a compelling reason that justifies sealing. *Kamakana*, 447 F.3d at 1183. Additionally, the blanket request to seal the entire report, rather than particular redactions, is insufficiently tailored.

Accordingly, the Court denies Plaintiff's motion with respect to this document.

vi.   Patient Prescription Information: Exhibit 55

Plaintiff seeks to file under seal Columns E–K of Exhibit 55 attached to its Motion for Partial Summary Judgment.  Exhibit 55 provides prescription data for patients including the drugs prescribed, the prescribing doctor, the city, and the state.  Columns E–K provide patients' information including their names, dates of birth, addresses, and phone numbers. Courts have consistently found private patient health information presents a compelling reason to file under seal.  *See, e.g., Stafford*, 2019 WL 3818015, at *1.  Here, the patients' health information is not central to the dispute between the parties and presents a compelling reason to seal the document.

1    Accordingly, the Court grants Plaintiff's motion with respect to this document.

2              vii.    Other Documents: Exhibits 52 and 53

3         Plaintiff seeks to file under seal two documents designated confidential that do not

4    present confidential business information or personal health information.  Exhibit 52 is an

5    email thread that discusses a returned bottle of product.  (ECF No. 170-3 at 78.)   The

6    content of the email does not discuss any potential sales leads, contract negotiations,

7    pricing, dosing, or patient health information.   Similarly, Exhibit 53 is an email thread

8    about missing labels on a product.  (ECF No. 170-3 at 81.)   From the Court's vantage, it

9    does not contain any confidential business information or sensitive health information.

10   Accordingly, the Court does not find a compelling reason to sell these exhibits.  The Court

11   denies the motion without prejudice to allow the parties to offer compelling reasons, if

12   available, for these documents to be sealed.

13        **3.    Deposition Selections in Support of Motion for Partial Summary**

14        **Judgment**

15        Attached to its Motion for Partial Summary Judgment, Plaintiff seeks to seal portions

16   of the transcripts of a number of depositions.  Plaintiff seeks only to redact portions of these

17   transcripts rather than the entirety of the transcripts.  In general, Plaintiff redacted portions

18   of these depositions where the deponent was asked questions to enter into evidence an

19   exhibit that Plaintiff was already attempting to seal.  (*See, e.g.*, Dep. of Traci Inman 99:7–

20   15.)  In instances where the exhibit is only referred to and the deponent is not asked to

21   quote from the material or answer any follow-up questions that may include confidential

22   business information, the Court does not find a compelling reason to seal the redacted

23   portions of the transcript.

24        At times, however, Plaintiff seeks to redact portions of the deposition transcripts that

25   either quote from confidential and potentially sensitive documents or include discussion of

26   confidential business practices like dosing or contract negotiations.  (*See, e.g.*, Dep. of Eric

27   Garner 54:20–25.)  In these instances, the Court finds a compelling reason to seal these

28

portions of the transcript.  Appendix A to the attached order lists the instances where the redaction contains confidential business or health information.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to file the documents under seal.  The Court makes this decision without prejudice.

### B.    Plaintiff's Motion to Seal in Connection with Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment

Plaintiff also seeks leave to file under seal portions of its Opposition to Defendants' Motion for Partial Summary Judgment.  (ECF No. 202.)  Specifically, Plaintiff seek leave to file under seal: excerpts of the Deposition of Eric Garner ("Garner Deposition"); excerpts of the Deposition of Amy Frost ("Frost Deposition"); excerpts of the Deposition of Traci Inman ("Inman Deposition"); excerpts of the Deposition of Anthony Sampietro ("Sampietro Deposition"); excerpts of the Deposition of Francine Vaccari ("Vaccari Deposition"); excerpts of the Deposition of Matthew Gee ("Gee Deposition"); and Exhibits 2, 5, 7, 11–19 attached to Plaintiff's Opposition.  (ECF No. 202-2.)

As before, Plaintiff does not offer a reason in support of its motion to seal apart from the fact the documents were designated "Confidential" and "Confidential – Attorney Eyes Only" under the protective order for this case.  (ECF No. 202.)  Again, this justification is insufficient.  *Kamakana*, 447 F.3d at 1183.  In response to Plaintiff's Motion to Seal, Defendants offered in support of the motion that some documents contained Defendants' confidential business information.  And as stated, courts have found compelling reasons to seal filings that contain confidential business material.  *See id.* at 1179.  Accordingly, the Court reviews the documents to be sealed for whether (1) they contain confidential business information and (2) the request to seal has been adequately tailored.

### 1.    Contract Negotiations and Pricing: Exhibits 2, 5, 7, 11–19

Plaintiff seeks to file a handful of exhibits under seal that contain Defendants' sales leads, contract negotiations, or pricing information.  Courts have previously held sales leads and contract negotiations present a compelling reason to be filed under seal because that information may erode a party's competitive advantage in the market or

provide a leg up to competitors.  *See e.g., Rydman*, 2023 WL 2711837, at *2; *Opperman*, 2017 WL 1036652, at *5.

Exhibit 2 is a series of emails with a prospective client that shows how Defendants pitch potential clients, Defendants' understanding of the market, and the business needs of a potential sales lead. (ECF No. 203-1 at 16.)  Exhibit 5 is a series of emails demonstrating how Defendant viewed its market standing, threats to its competitive advantage, and how customers felt about certain product lines. (ECF No. 203-1 at 36.)  Exhibit 7 is a series of emails with a potential new customer discussing the industry, Defendants' competitive advantage, and pricing. (ECF No. 203-1 at 43.)  Exhibits 11, 12, 14, 15, 16, 17, 18, and 19 are similarly sales pitches to potential customers and demonstrate how Defendants' pricing, distribution, and sales tactics work in practice, which may provide insight and an advantage to their competitors. (ECF No. 203-1 at 66, 73, 83, 88, 97, 101, 112.)  Exhibit 13 is a series of emails of a customer requesting to receive the same pricing as a prior deal, which would provide sensitive sales lead information and pricing to customers. (ECF No. 203-1 at 78.) Because these documents contain confidential business information, the Court finds there are compelling reasons to seal these exhibits.

Accordingly, the Court grants Plaintiff's motion with respect to these documents.

2.      <u>Deposition Excerpts</u>: Exhibits 1, 4, 6, 9, 10

 Plaintiff seeks to seal portions of the transcripts of the Frost Deposition, Garner Deposition, Inman Deposition, Sampietro Deposition, Vaccari Deposition, and Gee Deposition. (ECF No. 202-2.)  Plaintiff seeks only to redact portions of these transcripts rather than the entirety of the transcripts.

In general, the portions Plaintiff seeks to file under seal do not contain any sensitive business information or personal health information.  In some instances, Plaintiff sought to redact portions of these depositions where the deponent was asked about an exhibit that Plaintiff was already attempting to seal.  In instances where the exhibit is only referred to and the deponent is not asked to quote from the material or answer any follow-up questions that may include confidential business information or dosage schedules, the Court does not

find a compelling reason to seal the redacted portions of the transcript.  (*See, e.g.*, Dep. of Traci Inman 158:10–19.)  In other instances, Plaintiff seeks to file deposition portions where the deponent is asked broad questions about marketing or sales tactics.  (*See, e.g.*, Dep. of Eric Garner 98:24–25.)  The Court does not find these portions hold any sensitive business information that would potentially harm Defendants' competitive standing.

In two instances in the Inman Deposition, Plaintiff seeks to seal deposition excerpts that name particular customers and describe the sales negotiation processes for acquiring those customers.  (*See* Dep. of Traci Inman 163:1, 190:18–191:13.)  These portions of the transcripts contain sensitive business information.  Appendix B to this order identifies which excerpts present a compelling reason to be filed under seal.

Accordingly, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to file the documents under seal.  The Court makes this decision without prejudice.

## C.    Defendants' Motion to Seal in Connection with Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment

In their motion to seal, Defendants seek leave to file under seal portions of their Opposition to Plaintiff's Motion for Partial Summary Judgment. (ECF No. 205.) Specifically, Defendants seek leave to file under seal: portions of the Declaration of Brian Holdorf ("Holdorf Declaration"); Exhibits 1 and 2 of the Holdorf Declaration; portions of the Declaration of Amy Frost ("Frost Declaration"); Exhibits 30, 31, 32, 59, and 60 attached to the Declaration of Mikaela Burkhardt ("Burkhard Declaration"); and limited portions of Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment.

### 1.    Frost Declaration

Defendants seek leave to file under seal redacted portions of the Frost Declaration related to the job performance of Kelsey Deschamps, a former employee of OSRX, and the prescription and dispensing records of OSRX customers.  With respect to the Deschamps performance excerpts, Defendants argue that protecting a non-party employee's personnel records, including otherwise confidential performance evaluations, presents a compelling interest to file under seal.  (ECF No. 205 at 3.)  Other courts have consistently found a

compelling reason to seal non-party personnel records given the reputational and privacy interests at stake. *See, e.g.*, *Amini v. Crestbrook Insur. Co.*, No. 2:21-CV-01377-LK, 2023 WL 2913751, at *1 (W.D. Wash. Apr. 12, 2023). The Court finds this presents a compelling reason to seal the portions of the Frost Declaration. A non-party employee risks loss of future income and potential embarrassment if this information is made publicly available. While the public has a right to access these materials, the non-party employee's interest in having these materials remain confidential is compelling enough to justify sealing.

With respect to the OSRX prescriptions list, Defendants assert there is a business interest in maintaining the confidentiality of their client list. As discussed before, the Court finds this to be a compelling reason. Defendants have also narrowly tailored their redactions of the Frost Declaration to only those portions regarding Deschamps's job performance and the OSRX prescriptions list.

### 2. Holdorf Declaration and Exhibits

As with the Frost Declaration, Defendants seek to file under seal redacted portions of the Holdorf Declaration concerning the job performance of Deschamps. Defendants also seek to file under seal Exhibit 1, a prior performance review of Deschamps, and Exhibit 2, a job performance review of OSRX employee Cassidy Zirko, to the Holdorf Declaration. As with the Frost Declaration, the Court finds the reputational and financial risks to non-party employees from disclosure of these materials offer compelling reasons to file the documents under seal.

### 3. Exhibits to the Burkhardt Declaration

Defendants move to file five exhibits to the Burkhardt Declaration under seal. Exhibit 30 to the Burkhardt Declaration is an Imprimis Sales Training manual. (ECF No. 206-3 at 2.) This Court has previously held training manuals and material, where not the subject of the dispute, present compelling reasons to seal given the business advantage their disclosure would provide to competitors. *See, e.g.*, *Lucas v. Breg, Inc.*, No. 15-CV-00258-BAS-NLS, 2016 WL 5464549, at *1 (S.D. Cal. Sept. 28, 2016). Exhibits 31 and 32 are

emails that discuss products ordered, business needs, and complaints by Imprimis customers. (ECF No. 206-4 at 2; ECF No. 206-5 at 3.)  This sort of customer information presents a compelling reason to seal, as discussed before.  Exhibits 59 and 60 are Imprimis-conducted mock FDA audits of its New Jersey facility.  Plaintiff argues, in support of Defendants' motion to seal, the audit contains competitive information because it discloses descriptions of the laboratory design, contracts with laboratories, and recommendations by consultants. (ECF No. 212 at 4.)  The Court agrees.  The manufacturing details and quality assessment contained in these exhibits would pose competitive disadvantages to Plaintiff if disclosed.

### 4.   Defendants' Opposition to Plaintiff's Motion

Defendants seek to redact certain portions of their Opposition to Plaintiff's Motion for Partial Summary Judgment.  The portions to be sealed, in general, either quote from materials previously moved to be sealed that contain confidential and sensitive business information or discuss the respective business needs of Plaintiff's customers.  Because sensitive business information, such as sales leads and the business needs of customers, may result in competitive disadvantage if disclosed, the Court finds there is a compelling reason to file the redacted portions of Defendants' Opposition under seal.

Accordingly, the Court **GRANTS** Defendants' Motion to Seal. (ECF No. 205.)

### D.   Plaintiff's Motion to Seal in Connection with Plaintiff's Reply in Support of Plaintiff's Motion for Partial Summary Judgment

Plaintiff moves to file under seal certain excerpts from its Reply in Support of its Motion for Partial Summary Judgment. (ECF No. 217.)  Plaintiff moves to seal portions of its Reply that quote from exhibits Plaintiff previously sought to file under seal, as discussed in this order, that contain confidential business information or information about dosing schedules that may be harmful to Defendants' competitive standing. (ECF No. 218.)  Plaintiff incorporates by reference its prior motion to seal with respect to these materials.  The Court has previously reviewed the selected materials above and found these documents present a compelling reason to be filed under seal.

1

2

Accordingly, the Court **GRANTS** Plaintiff's Motion to Seal. (ECF No. 217.)

3

**CONCLUSION**

4

Based on the foregoing, the Court:

5

6

(1)    **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to file documents under seal (ECF No. 169).

7

8

(2)    **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion to file documents under seal (ECF No. 202).

9

10

11

12

13

(3)    **GRANTS** Defendants' Motion to file documents under seal in ECF No. 205. The Clerk of the Court is directed to file the following documents under seal: Opposition to Plaintiff's Motion for Partial Summary Judgment and associated attachments. (ECF Nos. 206, 206-1, 206-2, 206-3, 206-4, 206-5, 206-6, 206-7.)

14

15

16

17

(4)    **GRANTS** Plaintiff's Motion to file documents under seal in ECF No. 217. The Clerk of the Court is directed to file the following documents under seal: Plaintiff's Reply in Support of Plaintiff's Motion for Summary Judgment. (ECF No. 218.)

18

19

20

21

22

23

24

25

26

27

If Plaintiff or Defendants wish to file a renewed motion to seal for the denied requests, they may do so no later than **October 31, 2023** after the issuance of this order. Otherwise, Plaintiff and Defendants are instructed to file the unredacted versions of the aforementioned documents as directed by the Court in this Order on the public docket no later than **November 3, 2023** after the issuance of this order.  For these documents, the parties shall publicly file revised versions of these documents with only those redactions that the court has approved on CM/ECF as a "Notice Regarding Exhibit Attachment." When filing the documents on the public docket, the parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative

28

Policies & Procedures Manual.  Non-compliance with this order or any relevant rules may result in sanctions pursuant to Civil Local Rule 83.1.

   **IT IS SO ORDERED.**

**DATED: October 24, 2022**

Hon. Cynthia Bashant
United States District Judge

21cv1305

Appendix A
Deposition Selections in Support of Plaintiff's Motion for Partial Summary Judgment

| Exhibit | Deponent | Page | Line | Ruling |
|---|---|---|---|---|
| 1 | Dr. Damien Goldberg | 24 | 7–12 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 1 | Dr. Damien Goldberg | 25 | 3–6 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 1 | Dr. Damien Goldberg | 33 | 18–25 | GRANTED.<br>The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 1 | Dr. Damien Goldberg | 34 | 1–25 | GRANTED.<br>The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 1 | Dr. Damien Goldberg | 35 | 1–8 | GRANTED.<br>The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 1 | Dr. Damien Goldberg | 66 | 19–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 1 | Dr. Damien Goldberg | 67 | 1–16 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 59 | 23–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 60 | 1–21 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 65 | 23–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 66 | 1–11 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 99 | 7–15 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 99 | 23–25 | GRANTED.<br>The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 2 | Traci Inman | 100 | 1–10 | GRANTED.<br>The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 2 | Traci Inman | 122 | 1–16 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 129 | 6–18 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |

Appendix A
Deposition Selections in Support of Plaintiff's Motion for Partial Summary Judgment

| Exhibit | Deponent | Page | Line | Ruling |
|---|---|---|---|---|
| 2 | Traci Inman | 130 | 13–21 | GRANTED. The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 2 | Traci Inman | 134 | 9–20 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 142 | 9–25 | GRANTED. The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 2 | Traci Inman | 143 | 1 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 146 | 8–19 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 191 | 25 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2 | Traci Inman | 192 | 1–12 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2A | Traci Inman | 43 | 13–25 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2A | Traci Inman | 44 | 1–5 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2A | Traci Inman | 53 | 17–19 | GRANTED. The transcript selection contains confidential business information about sales pitches to customers. Disclosure may provide competitors with an unfair business advantage. |
| 2A | Traci Inman | 97 | 1–3 | GRANTED. The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 2A | Traci Inman | 174 | 22–25 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 2A | Traci Inman | 175 | 1–8 | GRANTED. The transcript selection contains confidential business information about how competition between firms is perceived. Disclosure may provide competitors with an unfair business advantage. |
| 3 | Francine Vaccari | 68 | 7–25 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 3 | Francine Vaccari | 69 | 1–13 | GRANTED. The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 3 | Francine Vaccari | 72 | 15–25 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |

Appendix A
Deposition Selections in Support of Plaintiff's Motion for Partial Summary Judgment

| Exhibit | Deponent | Page | Line | Ruling |
|---|---|---|---|---|
| 3 | Francine Vaccari | 73 | 1–8 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 3 | Francine Vaccari | 80 | 25 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 3 | Francine Vaccari | 81 | 1–23 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 54 | 20–25 | GRANTED. The transcript selection contains confidential business information about how competition between firms is perceived. Disclosure may provide competitors with an unfair business advantage. |
| 4 | Eric Garner | 55 | 1–6 | GRANTED. The transcript selection contains confidential business information about how competition between firms is perceived. Disclosure may provide competitors with an unfair business advantage. |
| 4 | Eric Garner | 63 | 18–25 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 64 | 1–25 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 65 | 1–17 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 156 | 11–16 | GRANTED. The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 4 | Eric Garner | 161 | 7–10 | DENIED. While potentially embarrassing, the transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 166 | 11–20 | DENIED. While potentially embarrassing, the transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 193 | 14–25 | GRANTED. The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 4 | Eric Garner | 194 | 1–4 | GRANTED. The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 4 | Eric Garner | 201 | 22–25 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 202 | 1–7 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 223 | 19–25 | DENIED. The transcript portion does not contain any confidential business information and does not include any private health information. |

Appendix A
Deposition Selections in Support of Plaintiff's Motion for Partial Summary Judgment

| Exhibit | Deponent | Page | Line | Ruling |
|---|---|---|---|---|
| 4 | Eric Garner | 224 | 1–3 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 251 | 5–13 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 254 | 19–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 4 | Eric Garner | 255 | 1 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 5 | Amy Frost | 16 | 11–23 | GRANTED.<br>The transcript selection contains confidential business information about future business planning. Disclosure may provide competitors with an unfair business advantage. |
| 5 | Amy Frost | 20 | 23–25 | GRANTED.<br>The transcript selection contains confidential business information about future business planning. Disclosure may provide competitors with an unfair business advantage. |
| 5 | Amy Frost | 21 | 1–25 | GRANTED.<br>The transcript selection contains confidential business information about future business planning. Disclosure may provide competitors with an unfair business advantage. |
| 5 | Amy Frost | 22 | 1–20 | GRANTED.<br>The transcript selection contains confidential business information about future business planning. Disclosure may provide competitors with an unfair business advantage. |
| 5 | Amy Frost | 115 | 10–12 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 6 | Andreas Groehn | 125 | 19–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 6 | Andreas Groehn | 126 | 1–5 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 54 | 16–22 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 58 | 22–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 59 | 1–14 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 64 | 10–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 65 | 1–5 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 67 | 6–25 | GRANTED.<br>The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |

Appendix A
Deposition Selections in Support of Plaintiff's Motion for Partial Summary Judgment

| Exhibit | Deponent | Page | Line | Ruling |
|---|---|---|---|---|
| 7 | Matthew Gee | 68 | 1–23 | GRANTED.<br>The transcript selection contains confidential business information about dosing schedules. Disclosure may provide competitors with an unfair business advantage. |
| 7 | Matthew Gee | 70 | 20–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 71 | 1–2 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 77 | 21–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 78 | 1–9 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 85 | 7–17 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 86 | 23–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 87 | 1–19 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 94 | 16–20 | DENIED.<br>While potentially embarrassing, the transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 101 | 8–20 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 7 | Matthew Gee | 157 | 12–24 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 8 | Anthony Sampietro | 29 | 20–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 8 | Anthony Sampietro | 30 | 1–9 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 8 | Anthony Sampietro | 131 | 12–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 8 | Anthony Sampietro | 132 | 1–6 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 8 | Anthony Sampietro | 155 | 6–14 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 8 | Anthony Sampietro | 156 | 2–25 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |
| 8 | Anthony Sampietro | 157 | 1–3 | DENIED.<br>The transcript portion does not contain any confidential business information and does not include any private health information. |

Appendix B

Deposition Selections in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment

| Exhibit | Deponent | Page | Line | Ruling |
|---------|----------|------|------|--------|
| 1 | Eric Garner | 84 | 10–18 | DENIED. Characterization of the market does not contain any business sensitive or confidential understanding of competition. |
| 1 | Eric Garner | 93 | 24–25 | DENIED. Discussion of how the product catalog is distributed does not amount to sensitive business information. |
| 1 | Eric Garner | 94 | 1–10 | DENIED. Discussion of how the product catalog is distributed does not amount to sensitive business information. |
| 1 | Eric Garner | 98 | 24–25 | DENIED. Characterization of public-facing materials, including marketing materials and the website, does not involve business sensitive information that may harm Defendants' market standing. |
| 1 | Eric Garner | 99 | 1–13 | DENIED. Characterization of public-facing materials, including marketing materials and the website, does not involve business sensitive information that may harm Defendants' market standing. |
| 4 | Traci Inman | 49 | 22–25 | DENIED. The discussion of sales tactics here does not appear to invoke confidential or business sensitive information. |
| 4 | Traci Inman | 50 | 1 | DENIED. The discussion of sales tactics here does not appear to invoke confidential or business sensitive information. |
| 4 | Traci Inman | 82 | 25 | DENIED. The selected material does not contain any sensitive business information or personal health information. |
| 4 | Traci Inman | 83 | 1–13 | DENIED. The selected material does not contain any sensitive business information or personal health information. |
| 4 | Traci Inman | 158 | 10–19 | DENIED. The selected material does not contain any sensitive business information or personal health information. |
| 4 | Traci Inman | 162 | 17–25 | DENIED. The selected material does not contain any sensitive business information or personal health information. |
| 4 | Traci Inman | 163 | 1 | DENIED. The selected material does not contain any sensitive business information or personal health information. |
| 4 | Traci Inman | 190 | 18–25 | GRANTED. The selected material discusses particular customers and their transition between providers. This material would potentially harm Defendants' market standing. |
| 4 | Traci Inman | 191 | 1–13 | GRANTED. The selected material discusses particular customers and their transition between providers. This material would potentially harm Defendants' market standing. |
| 6 | Anthony Sampietro | 39 | 3–10 | DENIED. The selected material does not contain any sensitive business information or personal health information. |
| 9 | Francine Vaccari | 176 | 3–19 | DENIED. The discussion of sales tactics here does not appear to invoke confidential or business sensitive information. |
| 10 | Matthew Gee | 112 | 12–15 | DENIED. The discussion of sales tactics here does not appear to invoke confidential or business sensitive information. |

Appendix B
Deposition Selections in Support of Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment

| Exhibit | Deponent | Page | Line | Ruling |
|---------|----------|------|------|--------|
| 10 | Matthew Gee | 134 | 1–13 | DENIED.<br>The selected material does not contain any sensitive business information or personal health information. |