# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPRIMISRX, LLC,<br><br>                    Plaintiff,<br><br>v.<br><br>OSRX, INC.; OCULAR SCIENCE, INC.,<br><br>                    Defendants. | Case No. 21-cv-01305-BAS-DDL<br><br>**ORDER:**<br>**(1) GRANTING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 214)**<br><br>**AND**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 221)** |

      Before the Court are two motions by the parties to file documents under seal. (ECF Nos. 214, 221.)  Plaintiff ImprimisRx, LLC filed a motion to file under seal Exhibit A to Plaintiff's Ex Parte Application for Leave to File Individual Separate Statement of Undisputed Facts. (ECF No. 215.)  Defendants OSRX, Inc. and Ocular Science, Inc. filed a motion to seal Exhibits C and F (ECF No. 221) to Defendants' Ex Parte Motion for Leave to File Individual Separate Statement of Undisputed Facts in support of their motion for partial summary judgment. (ECF No. 222.)  Both motions to seal are unopposed.  For the reasons stated below, the Court grants both motions to file documents under seal.

## I.  LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. Statements of undisputed facts, attached to motions for summary judgment, are more than tangentially related to the merits of the case. *Ctr. for Auto Safety*, 809 F.3d at 1098.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin

1. data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g., Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 at 1179. A blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's standing order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶5. The rule permits sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## II.    ANALYSIS

### A.    Plaintiff's Motion to Seal

In their motion, Plaintiff seeks to file under seal certain redactions of Exhibit A of Plaintiff's proposed statement of undisputed facts in support of Plaintiff's motion for partial summary judgment. (ECF No. 215.) Plaintiff incorporates its submissions filed in support of motions to seal its motion for partial summary judgment as the basis for its motion to seal here. (ECF No. 215 at 6.) The Court reviewed Plaintiff's initial motion to seal and granted the motion for the excerpts found in Exhibit A here. (ECF No. 236.) In

its proposed redactions, Plaintiff seeks to quote only from these sealed materials and has narrowly tailored its request to seal only those quotations relevant to confidential business practices or private patient health information in line with this Court's prior order. Because the Court has previously found the proposed redacted materials present a compelling reason to seal, the Court grants Plaintiff's motion to seal Exhibit A of its proposed statement of undisputed facts.

### B. Defendants' Motion to Seal

Defendants seek leave to file under seal Exhibits C and F to Defendants' motion for leave to file separate statement of undisputed facts in support of their cross-motion for summary judgment. (ECF No. 221.) Exhibits C and F contain quotations from exhibits that Plaintiff previously sought to seal in support of Plaintiff's motion for partial summary Judgment. As noted above, the Court has previously determined the confidential business interests contained in those quotations presented a compelling reason to seal. (ECF No. 236.) Because Defendants' request to seal has been narrowly tailored to only those portions this Court has previously determined to be filed under seal, the Court grants Defendants' motion to seal Exhibits C and F.

### III. CONCLUSION

Based on the foregoing, the Court:

(1) **GRANTS** Plaintiff's motion to file documents under seal (ECF No. 214). The Clerk of the Court is directed to file under seal Plaintiff's ex parte motion for leave to file separate statement of undisputed facts (ECF No. 215).

(2) **GRANTS** Defendants' motion to file documents under seal (ECF No. 221). The Clerk of the Court is directed to file under seal Defendats' ex parte motion for leave to file separate statement of undisputed facts (ECF No. 222).

**IT IS SO ORDERED.**

**DATED: October 30, 2023**

Hon. Cynthia Bashant
United States District Judge