**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMPRIMISRX, LLC,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>OSRX, INC.; OCULAR SCIENCE, INC.,<br><br>　　　　　　Defendants. | Case No. 21-cv-01305-BAS-DDL<br><br>**ORDER: GRANTING PLAINTIFF'S MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 179)** |

Before the Court is a motion by Plaintiff to file documents under seal. (ECF Nos. 179.) Plaintiff ImprimisRx, LLC filed a motion to file under seal portions of its motion to de-designate documents wrongfully designated as confidential. This motion to seal is unopposed. For the reasons stated below, the Court grants the motion to file documents under seal.

I.   **LEGAL STANDARD**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."

*Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. Motions to de-designate documents as confidential are not more than tangentially related to the merits of the case. *See ImprimisRx LLC v. OSRX, Inc.*, No. 21CV1305-BAS(BLM), 2022 WL 3371343, at *6 (S.D. Cal. Aug. 15, 2022). Accordingly, the "good cause" standard applies.

"A party asserting good cause bears the burden, for each document it seeks to protect, of showing that specific prejudice or harm will result if no protective order is granted." *Foltz*, 331 F.3d at 1130 (citing *Phillips v. Gen. Motors*, 307 F.3d 1206, 1212 (9th Cir. 2002). "[B]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy" this standard. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quoting *Cipollone v. Liggett Grp., Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986)). A blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of

the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's standing order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶5. The rule permits sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## II.   ANALYSIS

Plaintiff moves to file under seal portions of its motion to de-designate documents wrongfully designated as confidential. (ECF No. 179.) Plaintiff justifies its motion to seal by noting the parties have designated certain documents as "Confidential" or "Attorneys' Eyes Only" under the case's protective order. (*Id.*) This reason alone is insufficient. *See Foltz*, 331 F.3d at 1133. Defendants, in support of the motion to seal, acknowledge that the documents to be sealed in this motion are the same documents moved to be sealed in Plaintiff's motion for partial summary judgment. (ECF No. 187.) Defendants, accordingly, incorporate their briefing with respect to that motion to seal. (*Id.*) Defendants also claim these documents contain confidential business information and that the documents would become a vehicle for improper purposes such as spite or scandal. (*Id.*)

The Court previously granted Plaintiff's motion to file its motion for partial summary judgment under seal. (ECF No. 236.) The portions of Plaintiff's motion to be sealed here are portions of that motion that were previously sealed. These documents contain Defendants' confidential business information including contract negotiations and sales leads. These justifications meet the "good cause" standard. Accordingly, the Court grants Plaintiff's motion to file documents under seal.

## III. CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's motion to file documents under seal (ECF No. 179). The Clerk of the Court is directed to file under seal Plaintiff's motion to de-designate documents designated as confidential (ECF No. 180).

**IT IS SO ORDERED.**

**DATED: October 30, 2023**

Hon. Cynthia Bashant
United States District Judge

- 4 -

21cv1305