**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IMPRIMISRX, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>OSRX, INC.; OCULAR SCIENCE, INC.,<br><br>    Defendants. | Case No. 21-cv-01305-BAS-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING THE PARTIES' JOINT MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 245);**<br><br>**(2) GRANTING DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL ATTACHED TO PLAINTIFF'S MOTION TO EXCLUDE DEFENDANTS' EXPERT (ECF No. 248);**<br><br>**AND**<br><br>**(3) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO FILE DOCUMENTS UNDER SEAL ATTACHED TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT (ECF No. 251)** |

Before the Court are three motions by the parties to file documents under seal. (ECF Nos. 245, 248, 251.) Plaintiff ImprimisRx, LLC and Defendants OSRX, Inc. and Ocular Science, Inc. submit a renewed motion to file documents under seal in support of Defendants' *Daubert* motion to exclude Plaintiff's experts. (ECF No. 245.) Defendants

also file a renewed motion to file documents under seal in support of Plaintiff's *Daubert* motion to exclude Defendants' expert. (ECF No. 248.)  Plaintiff does not oppose this motion.  Finally, Defendants file a renewed motion to seal documents in support of Plaintiff's motion for summary judgment and Plaintiff's opposition to Defendants' motion for summary judgment. (ECF No. 251.)  Plaintiff opposes portions of this motion. (ECF No. 256.)  These motions come after the Court denied the parties' previous attempts to file documents under seal. (ECF Nos. 234, 236.)

For the reasons stated below, the Court **GRANTS** the parties' joint motion to file documents under seal in support of Defendants' *Daubert* motion to exclude Plaintiff's experts (ECF No. 245), **GRANTS** Defendants' motion to file documents under seal in support of Plaintiff's *Daubert* motion to exclude Defendants' expert (ECF No. 248), and **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to file documents under seal related to Plaintiff's motion for partial summary judgment and Plaintiff's opposition to Defendants' motion for partial summary judgment (ECF No. 251).

## I. LEGAL STANDARD

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu,* 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id*. at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id*. Evidentiary motions, including *Daubert* motions, are often "strongly correlative to the merits of the case" and warrant the application of the "compelling reasons" standard. *Ctr. for Auto Safety*, 809 F.3d at 1099.

"In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). As to this last category, courts have been willing to seal court filings containing confidential business material, "such as marketing strategies, product development plans, licensing agreements, and profit, cost, and margin data," where the parties have been able to point to concrete factual information to justify sealing. *See, e.g.*, *Cohen v. Trump*, No. 13-cv-2519-GPC-WVG, 2016 WL 3036302, at *5 (S.D. Cal. May 27, 2016). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 at 1179. A blanket protective order is not itself sufficient to show "good cause," let alone compelling reasons, for sealing particular documents. *See Foltz*, 331 F.3d at 1133; *San Jose Mercury News, Inc. v. U.S. District Court, N. Dist.*, 187 F.3d 1096, 1103 (9th Cir. 1999). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

In addition, parties moving to seal documents must comply with the procedures set forth in this Court's standing order for filing documents under seal. *See* Standing Order of the Hon. Cynthia Bashant for Civil Cases ¶5. The rule permits sealing to "only those documents, or portions thereof, necessary to protect such sensitive information." *Id.* Thus, although sometimes it may be appropriate to seal a document in its entirety, whenever possible a party must redact. *See Kamakana*, 447 F.3d at 1183 (noting a preference for redactions so long as they "have the virtue of being limited and clear"); *Murphy v. Kavo Am. Corp.*, No. 11–cv–00410–YGR, 2012 WL 1497489, at *2–3 (N.D. Cal. Apr. 27, 2012) (denying motion to seal exhibits but directing parties to redact confidential information).

## II. ANALYSIS

### A. The Parties' Joint Motion to Seal

In their joint motion to seal, Plaintiff and Defendants seek leave to file under seal portions of the Expert Report of Robert Wunderlich ("Wunderlich Report") in support of Defendants' *Daubert* motion to exclude Plaintiff's experts. (ECF No. 245.) Specifically, the parties seek leave to file schedules A1–C1 of the Wunderlich Report under seal. (*Id.*)

Defendants' *Daubert* motion is more than tangentially related to the merits of the underlying dispute. *Ctr. for Auto Safety*, 809 F.3d at 1099. Therefore, the parties' motion to seal is subject to the "compelling reasons" standard. In support of the motion to seal, the parties aver that because Defendants are privately held and the schedules of the Wunderlich Report contain internal financial information that is not otherwise publicly available, the schedules should remain confidential. (ECF No. 245 at 2.) A privately held business's need for confidentiality with respect to sensitive business information is a compelling reason justifying sealing. *See, e.g.*, Cohen, 2016 WL 3036302, at *5.

The Court previously denied Defendants' request to seal the entirety of the Wunderlich Report because portions of the report contained non-sensitive information such as the expert's methodology or citations. (ECF No. 234.) In their renewed motion to seal, the parties have tailored their request to seal to only the portions of the Wunderlich Report

that contain sensitive and private financial information. Accordingly, the parties' joint motion to seal is granted.

### B. Defendants' Motion to Seal Documents in Support of Plaintiff's *Daubert* Motion

Attached to Plaintiff's *Daubert* Motion to exclude Defendants' expert, Defendants move to seal portions of the expert report of Dr. Alyson Wooten ("Wooten Report") that contain personal patient health information and references to Defendants' confidential business information. (ECF No. 248 at 1–2.) *Daubert* motions in connection with a motion for summary judgment are more than tangentially related to the merits of the underlying case. *Ctr. for Auto Safety*, 809 F.3d at 1099. Accordingly, Defendants' motion to seal is subject to the "compelling reasons" standard.

Defendants identify two bases for sealing the redacted portions of the Wooten Report: the presence of personal patient health information and the presence of confidential business information. Courts have repeatedly held the need to keep personal health information confidential outweighs the presumption in favor of public access. *See, e.g.*, *San Ramon Reg'l Med. Ctr., Inc. v. Principal Life Ins. Co.*, No. C 10-02258 SBA, 2011 WL 89931, at *1 n.1 (N.D. Cal. Jan. 10, 2011); *Stafford v. Rite Aid Corp.*, No. 17-CV-1340-AJB-JLB, 2019 WL 3818015, at *1 (S.D. Cal. Aug. 14, 2019). Courts have also previously held the need to protect competitively sensitive business information meets the compelling reasons standard. *See, e.g.*, Cohen, 2016 WL 3036302, at *5.

The Court previously denied Plaintiff's motion to seal the entirety of the Wooten Report as insufficiently tailored. (ECF No. 234.) Here, however, Defendants propose redacting only portions of the Report that contain patient information or sensitive business information. Accordingly, Defendants' renewed motion to seal is granted.

### C. Defendants' Motion to Seal Documents in Support of Plaintiff's Motion for Summary Judgment and Plaintiff's Opposition to Defendants' Motion for Summary Judgment

Defendants move to seal portions of exhibits and deposition excerpts attached to Plaintiff's motion for partial summary judgment and Plaintiff's opposition to Defendants' motion for partial summary judgment. (ECF No. 251.) For some of these portions, namely Exhibits 52 and 53 attached to Plaintiff's motion for partial summary judgment and deposition excerpts identified in the table included in Defendants' motion (ECF No. 251 at 3–4), Defendants renew Plaintiff's prior motion to file these documents under seal. The Court had previously rejected Plaintiff's motion to seal these documents for being inadequately tailored or for failing to present a compelling reason for being filed under seal. (ECF No. 236.) Plaintiff does not oppose Defendants' motion for these excerpts. (ECF No. 256.)

Additionally, Defendants seek to file under seal deposition excerpts attached to Plaintiff's motion for summary judgment and Plaintiff's opposition to Defendants' motion for summary judgment the Court has not previously considered. (ECF No. 251 at 5.) These excerpts are identified in the tables included in Defendants' renewed motion to file documents under seal. (*Id.* at 6–9.) Plaintiff opposes Defendants' motion with respect to these excerpts for failing to present a compelling reason to justify filing the documents under seal. (ECF No. 256 at 2.)

Motions for summary judgment are dispositive motions and are more than tangentially related to the merits of the underlying case. *Ctr. for Auto Safety*, 809 F.3d at 1099. Accordingly, Defendants' motion to seal is subject to the "compelling reasons" standard.

#### 1. Previously Considered Documents

With respect to Exhibits 52 and 53 attached to Plaintiff's motion for partial summary judgment, Defendants seek to redact the names and contact information of Defendants' customers. Sales leads and contract negotiations present compelling reasons for a

document to be filed under seal. *See e.g., Rydman v. Champion Petfoods, USA Inc.*, No. 2:18-CV-01578-TL, 2023 WL 2711837, at *2 (W.D. Wash. Mar. 30, 2023) *and Opperman v. Path, Inc.*, No. 13-CV-00453-JST, 2017 WL 1036652, at *5 (N.D. Cal. Mar. 17, 2017). While the Court previously denied sealing these Exhibits in their entireties, Defendants seek only to redact the contact information of their customers. Customer contact information, if provided to the public, may give competitors an advantage by being able to target and market to Defendants' customers. Because Defendants have tailored their request to seal to only those portions of Exhibits 52 and 53 that contain customer contact information, there is a compelling reason to seal these documents.

### 2. Previously Considered Deposition Excerpts

Defendants also renew Plaintiff's motion to file deposition excerpts attached to Plaintiff's motion for partial summary judgment and Plaintiff's opposition to Defendants' motion for partial summary judgment under seal. (ECF No. 251 at 3–4.) Specifically, Defendants seek to file under seal portions of the deposition of Traci Inman ("Inman Deposition"), the deposition of Francine Vaccari ("Vaccari Deposition"), the deposition of Matt Gee ("Gee Deposition"), and the deposition of Anthony Sampietro ("Sampietro Deposition"). These excerpts are attached to Plaintiff's motion for summary judgment as part of Exhibits 2, 3, and 7 and to Plaintiff's Opposition to Defendants' motion for summary judgment as part of Exhibits 6 and 10. (ECF No. 251 at 3.) The Court previously rejected sealing these excerpts because the parties failed to present a compelling interest justifying being filed under seal. (ECF No. 236.)

Defendants seek to seal portions of these depositions because they identify Defendants' customers or customers' contact information. (ECF No. 251 at 3.) As discussed earlier, sales leads are confidential business information that may provide a competitive advantage to Defendants' competitors. Defendants have narrowly tailored their requests to seal deposition excerpts to only those portions of the depositions that contain customer names. Accordingly, the Court grants Defendants' motion to seal these

portions of Plaintiff's exhibits attached to Plaintiff's motion for partial summary judgment and Plaintiff's opposition to Defendants' motion for partial summary judgment.

### 3. New Deposition Excerpts

Defendants additionally seek to file under seal additional deposition excerpts included in exhibits attached to Plaintiff's motion for partial summary judgment and Plaintiff's opposition to Defendants' motion for partial summary judgment. The Court has not previously considered these excerpts. Specifically, Defendants seek to file under seal portions of the deposition of the Inman Deposition, the Vaccari Deposition, the deposition of Eric Garner ("Garner Deposition"), the deposition of Amy Frost ("Frost Deposition"), the Gee Deposition, and the Sampietro Deposition. These excerpts are attached to Plaintiff's motion for summary judgment as part of Exhibits 2, 3, 4, 5, and 7 and to Plaintiff's Opposition to Defendants' motion for summary judgment as part of Exhibits 4, 6 and 10. (ECF No. 251 at 9.) Plaintiff opposes Defendants' motion for failing to present a compelling reason for these excerpts to be filed under seal. (ECF No. 256.)

The excerpts Defendants move to seal fall into four categories. First, Defendants seek to seal deposition excerpts that identify the names of Defendants' customers. For example, Defendants seek to seal the names of customers identified in the Sampietro Deposition included as part of Exhibit 6 to Plaintiff's opposition to Defendants' motion for summary judgment. (*See, e.g.*, Dep. of Anthony Sampietro 39:11.) As discussed, sales leads and contract negotiations present compelling reasons for a document to be filed under seal. *See e.g., Rydman*, 2023 WL 2711837, at *2 *and Opperman*, 2017 WL 1036652, at *5. Because Defendants tailor their redactions to only the deposition questions and answers that identify the names of Defendants' customers, there is a compelling reason to seal these excerpts.

Second, Defendants move to file under seal deposition excerpts that discuss Defendants' business strategy and future business planning. For example, Defendants seek to seal information about their prospective investments and plans to compete. (*See, e.g.*, Dep. of Traci Inman 59:1–20.) Future business planning and competitive strategy are

quintessential business information that may harm a firm's competitive standing if disclosed to the public. *See, e.g.*, *Microsoft Corp. v. Motorola, Inc.*, No. C10-1823JLR, 2012 WL 5476846, at *4 (W.D. Wash. Nov. 12, 2012); *BBK Tobacco & Foods LLP v. Cent. Coast Agric. Inc.*, No. CV-19-05216-PHX-MTL, 2021 WL 5578864, at *4 (D. Ariz. Nov. 29, 2021). As follows, there is a compelling reason to seal these excerpts.

Third, Defendants move to file under seal deposition excerpts that discuss Defendants' contract negotiations and procurement procedures. These excerpts give insight into how Defendants compete and how they manage their logistics and ordering process. (*See, e.g.*, Dep. of Francine Vaccari 80:2–22.) Other courts have previously held that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the compelling reasons standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017); *Jam Cellars, Inc. v. Wine Grp., LLC*, No. 19-cv-01878-HSG, 2020 WL 5576346, at *2 (N.D. Cal. Sept. 17, 2020). The sensitivity of these excerpts to Defendants' business model presents a compelling reason to file these excerpts under seal.

Fourth, Defendants seek to file under seal some deposition excerpts which do not identify their customers, do not contain business strategy or future business planning, and do not discuss Defendants' contract negotiations and procurement procedures. Often in these excerpts, Defendants seek to seal deposition excerpts which are central to this litigation or may be perceived as embarrassing. (*See, e.g.*, Dep. of Francine Vaccari 99:17–20.) Possible embarrassment or legal risk are not compelling reasons to file documents under seal. The deposition excerpts lacking a compelling reason to seal are identified in Appendix A attached to this Order. Defendants' motion with respect to the excerpts identified in Appendix A is denied. Defendants' motion with respect to all other deposition excerpts is granted.

### III. CONCLUSION

Based on the foregoing, the Court:

(1) **GRANTS** the parties' joint request to file documents under seal in ECF No. 245. The Clerk of the Court is directed to file the following document under seal: Exhibits attached to Defendants' *Daubert* motion to exclude Plaintiff's experts (ECF No. 246);

(2) **GRANTS** Defendants' request to file documents under seal in support of Plaintiff's *Daubert* motion to exclude Defendants' expert in ECF No. 248. The Clerk of the Court is directed to file the following document under seal: Exhibits attached to Plaintiff's *Daubert* motion to exclude Defendants' expert (ECF No. 249); and

(3) **GRANTS IN PART** and **DENIES IN PART** Defendants' request to file documents under seal attached to Plaintiff's motion for partial summary judgment and Plaintiff's opposition to Defendants' motion for partial summary judgment in ECF No. 251. The Clerk of the Court is not directed to file any documents under seal at this time.

If Plaintiff or Defendants wish to file a renewed motion to seal for the denied requests, they may do so no later than **April 10, 2024** after the issuance of this order. Otherwise, Plaintiff and Defendants are instructed to file the unredacted versions of the aforementioned documents as directed by the Court in this Order on the public docket no later than **April 3, 2024** after the issuance of this order. When filing the documents on the public docket, the parties must strictly adhere to the relevant Federal Rules of Civil Procedure, this district's Civil Local Rules, this Court's Standing Order for Civil Cases, and this district's Electronic Case Filing Administrative Policies & Procedures Manual.

**IT IS SO ORDERED.**

**DATED: March 25, 2024**

Hon. Cynthia Bashant
United States District Judge

- 10 -

21cv1305

Appendix A
Deposition Selections in Support of Plaintiff's Motion for Partial Summary Judgment

| Exhibit | Deponent | Page | Line | Ruling |
|---|---|---|---|---|
| 2 | Traci Inman | 99 | 17–20 | DENIED. The transcript portion does not contain any confidential business information, does not include customer names, and does not include any private health information. |
| 2 | Traci Inman | 130 | 10–12 | DENIED. The transcript portion does not contain any confidential business information, does not include customer names, and does not include any private health information. |
| 2 | Traci Inman | 146 | 22–24 | DENIED. The transcript portion does not contain any confidential business information, does not include customer names, and does not include any private health information. |
| 3 | Francine Vaccari | 73 | 20–25 | DENIED. The transcript portion does not contain any confidential business information, does not include customer names, and does not include any private health information. |