UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IMPRIMISRX, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>OSRX, INC.; OCULAR SCIENCE, INC.,<br><br>　　　　　　Defendants. | Case No. 21-cv-01305-BAS-DDL<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL (ECF No. 373);**<br><br>**(2) GRANTING *EX PARTE* APPLICATION TO SHORTEN TIME ON MOTION TO STAY ENFORCEMENT OF JUDGMENT (ECF No. 375);**<br><br>**(3) GRANTING MOTION TO STAY ENFORCEMENT OF AMENDED JUDGMENT (ECF No. 376); AND**<br><br>**(4) DENYING *EX PARTE* APPLICATION TO PERMIT FOREIGN REGISTRATION OF JUDGMENT (ECF No. 380)** |

　　Presently before the Court are four post-judgment motions in this trademark and unfair competition dispute. The Court finds these motions suitable for determination on

the papers submitted and without oral argument. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). The Court will address each request in turn.

**I.      Motion to Seal (ECF No. 373)**

Defendants move to seal a document in support of their Motion to Stay Enforcement of the Amended Judgment ("Motion to Stay"). (ECF No. 373.) "[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "The presumption of access is 'based on the need for federal courts, although independent—indeed, particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1135. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1101. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Here, the document lodged under seal relates to a motion to stay enforcement of a judgment. That stay motion is not "more than tangentially related to the merits of the case." *See Ctr. for Auto Safety*, 809 F.3d at 1101. Rather, the stay motion concerns the sufficiency of a proposed alternative to a supersedeas bond. (*See* ECF No. 376). Hence, the good cause standard applies to the sealing request. *See Ctr. for Auto Safety*, 809 F.3d at 1101.

Further, good cause exists to seal the document. The document is a declaration that contains financial information "derived from estimated unaudited financial statements, which are confidential and not publicly disclosed by Defendants." (ECF No. 373.) The proposed redactions are narrowly tailored. (*See* ECF No. 375-1.) Accordingly, good cause supports the request, and the Court grants Defendants' Motion to Seal.

## II.   *Ex Parte* Application to Shorten Time (ECF No. 375)

Defendants move *ex parte* to shorten time for their Motion to Stay, which was filed with a November 7, 2025, hearing date for briefing purposes only. (ECF No. 375.) They argue that if the Court follows the regular briefing schedule, the Motion to Stay will not be resolved until after Plaintiff "could begin collection and/or enforcement efforts to execute on the judgment." (*Id.*) Hence, Defendants offer to forgo filing a reply and request the Court shorten time appropriately. (*Id.*) Plaintiff has already filed an Opposition to the Motion to Stay. (ECF No. 379.)

For good cause shown, the Court grants the *Ex Parte* Application to Shorten Time. (ECF No. 375.) *See* Fed. R. Civ. P. 6(b). The Court will proceed to resolve the Motion to Stay without the benefit of a reply or a hearing on the Motion.

## III.   Motion to Stay (ECF No. 376)

Defendants move to stay execution of the Amended Judgment pending conclusion of their appeal to the Ninth Circuit. (ECF No. 376.) They ask the Court to enter a stay "without requiring the posting of a supersedeas bond or, in the alternative, with a modified security deposited with the Court in lieu of a supersedeas bond." (*Id.*)

Federal Rule of Civil Procedure 62(d) permits a stay of the execution of a final judgment pending appeal when the moving party posts a supersedeas bond. The purpose of a supersedeas bond is to shield an appellee from a loss that could result from the stay. *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987); *NLRB v. Westphal*, 859 F.2d 818, 819 (9th Cir. 1988). "The stay takes effect when the court approves the bond." Fed. R. Civ. P. 62(d).

"District courts have inherent discretionary authority in setting supersedeas bonds." *Rachel*, 831 F.2d at 1505 n.1. Thus, a court has not only "discretion to allow other forms of judgment guarantee," *Int'l Telemeter Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985), but also "broad discretionary power to waive the bond requirement if it sees fit," *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796–97 (9th Cir. 1989), *vacated on reh'g on other grounds*, 929 F.2d 1358 (9th Cir. 1990) (en banc). However, "the standard practice of district courts is to require that the supersedeas bond be a surety bond, and that it be for the full amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay." *Antoninetti v. Chipotle Mexican Grill, Inc.*, No. 05-cv-1660-J (WMC), 2009 WL 1390811, at *2 (S.D. Cal. May 15, 2009) (citation omitted).

When determining whether to waive the supersedeas bond requirement, courts have looked to several factors, including "(1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." *E.g.*, *Lewis v. Cnty. of San Diego*, No. 13-CV-02818-H-JMA, 2018 WL 1071704, at *2 (S.D. Cal. Feb. 27, 2018) (citing *Dillon v. Chicago*, 866 F.2d 902, 904–05 (7th Cir. 1988)).

Here, the Court incorporates its summary of the parties' dispute from its September 26, 2025, post-trial order. (ECF No. 368.) After that order issued, Plaintiff accepted the Court's remittitur of $11,249,538, and an Amended Judgment was entered on October 1, 2025. (ECF No. 370.) Defendants now seek to stay enforcement of that substantial judgment.

The Court first considers Defendants' request to stay the judgment without requiring a bond. This request is unpersuasive. As Plaintiff highlights, the Court already rejected

Defendants' request to stay enforcement of the pending judgment in the post-trial order. (ECF No. 368.) Given the circumstances of this case and the factors outlined above, the Court finds staying the judgment without requiring *any* security is inappropriate.

Accordingly, the Court turns to Defendants' request to allow substitute security. Defendants submit that they "do not have sufficient cash on hand to fund a bond or other security pending appeal." (ECF No. 375.) They provide a declaration that details their assets, cash, and cash equivalents, as well as their liabilities to various creditors. (Sampietro Decl. ¶¶ 2–3.) Ultimately, given the size of the judgment compared to Defendants' business, Defendants are asking the Court for permission to provide security over a series of several months by depositing funds in the Court's registry. Indeed, given that the district court has broad "discretion to allow other forms of judgment guarantee," *Int'l Telemeter*, 754 F.2d at 1495, courts have allowed deposits into the court's registry to serve as a form of judgment guarantee, *see, e.g.*, *Bennett v. Franklin Res., Inc.*, 360 F. Supp. 3d 972, 983 (N.D. Cal. 2018) ("What is important is that the funds deposited with the Court be sufficient to protect Plaintiffs from loss while the execution is stayed."); *Eagle Bear, Inc. v. Indep. Bank*, No. CV-22-93-GF-BMM, 2024 WL 896357, at *1 (D. Mont. Mar. 1, 2024) (approving staggered deposits into court's registry to serve as a substitute for a supersedeas bond).

Based on Defendants' financial circumstances, they ask the Court to approve an alternative form of security as follows:

(i) Defendants will deposit $4,249,538 directly into the Court's registry within thirty days following entry of the Court's order;

(ii) Each ninety days thereafter, Defendants will deposit an additional $2 million directly into the Court's registry until Defendants have deposited a total of $10,249,538 into the Court's registry, at which point Defendants will deposit the final $1 million within thirty days;

(iii) Upon the entry of an order by the Ninth Circuit on Defendants' appeal, the total amount deposited in the Court's registry, along with any

                interest accrued thereon, shall be disbursed to the prevailing party;

(iv)    In the event that, prior to an order by the Ninth Circuit, Defendants fail to make timely deposits of any of the $2 million payments or the final $1 million payment, then the total amounts previously deposited, plus any interest accrued thereon, shall be disbursed to Plaintiff in partial satisfaction of the judgment, and the stay of enforcement shall be immediately lifted.

(*See* ECF No. 375.) Plaintiff opposes. (ECF No. 379.) It argues the sum of Defendants' deposits for the alternative security will be inadequate. (*Id.*) It also argues that Defendants are untrustworthy creditors. (*Id.*)

      In exercising its discretion, the Court will permit the alternative security proposed by Defendants, with a modification. "[A]n inflexible requirement of a bond" is "inappropriate" in two circumstances: "where the defendant's ability to pay the judgment is so plain that the cost of the bond would be a waste of money; and—the opposite case, one of increasing importance in an age of titanic damage judgments—where the requirement would put the defendant's other creditors in undue jeopardy." *Olympia Equip. Leasing Co. v. W. Union Tel. Co.*, 786 F.2d 794, 796 (7th Cir. 1986) (Posner, J.). This case is plainly the latter. Even after the remittitur, Defendants are facing a "titanic" award of damages given the size of their business. Further, in considering the factors above, the Court underscores that it is not waiving the bond requirement altogether. Rather, the Court is requiring Defendants to deposit substantial security over a period of several months. The Court is persuaded that the amount of the proposed deposits will adequately protect Plaintiff's interests pending conclusion of the appeal.

      However, the Court will modify the initial deadline proposed by Defendants. They ask for thirty more days to make the first deposit into the Court's registry. Defendants have already benefitted from the thirty-day automatic stay under Rule 62. The Court finds an additional thirty days is excessive. Thus, the Court will require Defendants to make the initial deposit of $4,249,538 by November 7, 2025.

Finally, the Court notes that a stay does not permit Defendants to continue unlawfully using Plaintiff's trademarks. The Court is only staying execution of the money judgment; Defendants are still prohibited from using the nine trademarks identified in the Amended Judgment. (ECF No. 370.) In other words, while the appeal is pending, the Amended Judgment still puts an end to Defendants' unlawful competition and trademark infringement. Accordingly, the Court grants Defendants' Motion to Stay.

### IV.  *Ex Parte* Application to Permit Foreign Registration

Plaintiff moves *ex parte* for the Court to allow registration of the Amended Judgment in any other federal district where it is believed that Defendants may possess executable assets. (ECF No. 380.) Defendants oppose. (ECF No. 388.)

Under 28 U.S.C. § 1963, a judgment can be registered in another district court in two circumstances: "when the judgment has become final by appeal or expiration of the time for appeal or when ordered by the court that entered the judgment for good cause shown." The time for appeal has not expired; thus, Plaintiff must show good cause to register the Amended Judgment in another district. *See id.*

Given the Court's decision on the Motion to Stay, the Court finds Plaintiff's *Ex Parte* Application is premature. *See Sibia Neurosciences, Inc. v. Cadus Pharm. Corp.*, No. 96-1231-IEG(POR), 1999 WL 33554683, at *6 (S.D. Cal. Mar. 10, 1999) (denying motion to register judgment in another district where defendant represented that it would be posting security for the judgment). Because the Court is staying execution on the judgment and requiring Defendants to post security, the risk of non-collection is substantially decreased. Thus, the Court denies without prejudice the *Ex Parte* Application.

### V.  Conclusion

In light of the foregoing, the Court **ORDERS** as follows:

1. Defendants' Motion to Seal is **GRANTED**. (ECF No. 373.) <u>The Clerk of Court shall accept and lodge under seal the document in ECF No. 374</u>.

2. Defendants' Ex Parte Application to Shorten Time is **GRANTED**. (ECF No. 375)

3. Defendants' Motion to Stay Enforcement of the Amended Judgment is **GRANTED**. (ECF No. 376.)

4. Plaintiff's *Ex Parte* Application to Permit Foreign Registration of the Amended Judgment is **DENIED WITHOUT PREJUDICE**. (ECF No. 380.)

5. Pending resolution of Defendants' appeal to the Ninth Circuit, the Court **STAYS** execution of the damages award in the Amended Judgment (ECF No. 370), subject to the following conditions:

    A. Defendants must deposit $4,249,538 directly into the Court's registry no later than **November 7, 2025**;

    B. Each ninety days thereafter, Defendants must deposit an additional $2 million directly into the Court's registry until Defendants have deposited a total of $10,249,538 into the Court's registry, at which point Defendants will deposit the final $1 million within thirty days thereafter;

    C. Upon the entry of an order by the Ninth Circuit on Defendants' appeal, the total amount deposited in the Court's registry, along with any interest accrued thereon, shall be disbursed to the prevailing party;

    D. In the event that, prior to an order by the Ninth Circuit, Defendants fail to make timely deposits of any of the $2 million payments or the final $1 million payment, then the total amounts previously deposited, plus any interest accrued thereon, shall be disbursed to Plaintiff in partial satisfaction of the judgment, and the stay of enforcement shall be immediately lifted.

**IT IS SO ORDERED.**

**DATED: October 29, 2025**

Hon. Cynthia Bashant, Chief Judge
United States District Court